BARWICK *v.* ROBERTS *et al.*

No. 13750.   SEPTEMBER 11, 1941.

G. S. *Peck* and J. L. *Barwick,* for plaintiff.

*Ellis G. Arnall, attorney-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general, Dorsey, Stubbs & Dorsey, Spalding, Sibley, Troutman & Brock, Sumter M. Kelley, Bryan, Middle-*

*brooks & Carter, Bonneau Ansley, McElreath, Scott, Duckworth & Riley, Brandon, Hynds & Tindall, Mitchell & Mitchell, Robert Lee Avary Jr., George B. Rush, Morgan Belser, J. B. Stewart,* and *W. F. Lozier,* for defendants.

GRICE, Justice. The foregoing statement does not contain a complete summary of all the allegations in the seventy-three paragraphs of the petition, nor all the matter added by amendments; but it sufficiently indicates the character of the suit, and together with certain facts stated in this opinion discloses the features which in our opinion show its inherent infirmity.

Litigation closely related to this is to be found in *Roberts* v. *Barwick,* 187 *Ga.* 691 (supra), and *Barwick* v. *Roberts,* 188 *Ga.* 655 (supra), in the former of which there is a statement of many facts set out in the present record and necessary to be dealt with here. We have in the headnotes announced the principles of law which we conceive to be applicable and controlling in the instant case. Several of these rulings are but repetitions of what was decided in the two cases above referred to, and still another was from *Newton* v. *Atlanta,* 189 *Ga.* 441 (supra), where this court treated the same property here involved as public property, and an instrumentality of government, and held that the activities of the commissioner of agriculture in creating and operating the market were governmental functions.

Plaintiff in the present suit alleges that this court "determined and decided that the transfer and assignment by the plaintiff to the commissioner of agriculture was void." No such question was before us, and we did not so hold. What we ruled in the mandamus case of *Barwick* v. *Roberts,* supra, was that the agreement alleged by plaintiff to have been entered into between him and the commissioner, and which was not set out in the transfer of the leases, by the terms of which the plaintiff was to be paid $100 per month during the term of the leases, was a debt inhibited by art. 7, sec. 3, par. 1, of the constitution of this State, and unenforceable. The act of February 25, 1935 (Ga. L. 1935, p. 369: Code §§ 5-208 to 5-223) expressly empowers the commissioner of agriculture to acquire by lease sites on which to operate farmers' markets. Barwick, having obtained the leases, assigned the same in writing to the then commissioner, and according to the petition there was, at the time, this agreement to pay Barwick so much per month during

a term of years, and until his term of office expired the commissioner met these payments. Upon the termination of his tenure of office, his successor refused to make further payments to Barwick, although continuing to occupy the premises covered by the leases, and paying the rentals regularly to the lessors. By amendment the petitioner alleged that on January 1, 1941, since the filing of his action, the commissioner has abandoned the operation of the market referred to in the pleadings, and has ceased all activities in behalf of the Department of Agriculture in said premises. Basing his case on the incorrect assumption that the assignment of the leases was void and that this court so held, he asks that the leases so transferred by him be surrendered, following this with a contention that the State through its commissioner of agriculture has wrongfully and forcefully taken his private property away from him and devoted it to public purposes. He prays for damages, and for a judgment therefor against the commissioner of agriculture, because, as alleged, his property has been so taken and used. In so far as a judgment is prayed against Roberts individually, it is asked only on condition that it be determined that he acted wrongfully and in a private manner. No personal judgment is asked against Linder. Whatever contracts Barwick had with the owners of the fee he transferred to the commissioner of agriculture, who paid the stipulated rentals directly to the original lessors. Barwick is not in position therefore to obtain any relief as against them. His whole case has for its purpose the obtaining of compensation due him by reason of the fact that he has not been paid by the commissioner of agriculture all of the purchase-price of the sale of the leases, which was contained in a separate promise to pay, which constituted a debt which Linder as a State official had no authority to create. The law charged Barwick with knowledge of this limitation on Linder's part to create a debt binding on the State. The many decisions cited by the plaintiff in support of the proposition that a county or city, or a similar subdivision, that retains the use of property and gets the benefit of it, is liable to the owner for the value thereof, notwithstanding the contract of purchase was invalid, afford no ground for the granting of any of the relief here sought.

Finally it is argued that it would be unconscionable, under the facts here alleged, for a court of equity not to grant the plaintiff

relief. Our reply is, first, that equity follows the law; secondly, that as to this matter, it is the framers of the constitution and the members of the General Assembly that are the keeper of the State's conscience, and not the courts, it being the latter's function not to enact, but to declare the law.

It was not error to sustain the general demurrers and to dismiss the action. *Judgment affirmed. All the Justices concur.*