1. The State can not be sued without its consent. Roberts v. Barwick, 187 Ga. 691 (1 S.E.2d 713).
2. Any suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State. Roberts v. Barwick, supra.
3. The State has the right to engage in any activity its legislative branch might choose, unless prohibited by the State or Federal constitution; and all such activities are governmental functions. Roberts v. Barwick, supra.
4. The activities of the commissioner of agriculture pursuant to the act of February 25, 1935 (Ga. Laws 1935, p. 369; Code §§ 5-208 to 5-223), creating or operating a State farmers' market, are governmental functions. Newton v. Atlanta, 189 Ga. 441 (6 S.E.2d 61).
5. The State constitution, art. 7, sec. 3, par. 1 (Code, § 2-5101), declares all the purposes for which debts may be assumed by or on behalf of the State, and expressly prohibits the State from assuming any other debts. An agreement between the commissioner of agriculture and an individual, whereby the commissioner in consideration of an assignment to him of a number of leases to lands on which the State farm market is located, promises to pay the assignor, in addition to the consideration expressed in the assignment, $100 per month for a period of several years, is a debt inhibited by the above provision of the constitution, and can not be enforced.
6. Full performance by the assignor of the agreement just referred to imposes no legal duty on the State or its official to comply with such invalid contract. Barwick v. Roberts, 188 Ga. 655 (4 S.E.2d 664).
7. The act aforesaid expressly authorizing the commissioner of agriculture to acquire by lease sites on which to operate farmers' markets, it was within his duties to accept by written transfer from the lessee assignments of leases theretofore executed to him, and such assignments were not void merely because, in addition to the monied consideration stated therein, there was an agreement between the lessee and the commissioner of agriculture, not expressed in the transfer or assignment, that as an additional consideration the said commissioner would pay to the original lessee a certain sum per month during the life of the leases, which promise to pay such additional consideration constituted a debt within the meaning of the constitution of this State, art. 7, sec. 3, par. 1 (Code § 2-5101), and therefore was unenforceable.
8. Stripped of the allegations which state mere conclusions of the pleader, the petition does not disclose that any of the plaintiff's property has been wrongfully and forcibly taken from him, and in like manner seized and occupied by any of the defendants, but on the contrary that the entry was by his express consent; and for this reason, if for none other, no case is made for the application (a) of the statement contained in the 14th amendment to the constitution of the United States, and embodied in the constitution of this State, art. 1, sec. 1, par. 3 (Code, § 2-103), which provides that "no person shall be deprived of *Page 784 
life, liberty, or property, except by due process of law," nor (b) the provision found in art. 1, sec. 3, par. 1, of the Georgia constitution (Code, § 2-301), which declares that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid."
9. The court did not err in sustaining the general demurrers to the petition as amended.
 No. 13750. SEPTEMBER 11, 1941.
Barwick filed a petition in which it was alleged, that during the summer of 1935 he consummated certain leases for a period of five years or more, with certain landowners, by which he acquired an estate for years in the lands, for the purpose of constructing and operating a farmers and truckers produce market, and after so acquiring the same did begin the actual development and improvement of the premises for such purposes; that during the summer of 1935, and before he had completed the improvements thereon, he entered into an agreement with Tom Linder, then the commissioner of agriculture for the State of Georgia, and with the express consent of the lessors did execute an assignment of said leases; that while said assignments recite $1 and other valuable considerations, they were made by virtue of an agreement that the said commissioner, in consideration thereof, would pay to plaintiff the sum of $100 per month during the life of the longest of said leases, the termination of which was February 1, 1941, with the proviso that the Department of Agriculture or the commissioner thereof, or whoever was in charge of and operating said market under such assignment from plaintiff, should have the privilege of returning said leases and surrendering possession of the premises to the plaintiff at the end of any month and be thereby relieved of any further payments to plaintiff, the plaintiff to have title to all improvements placed thereon; there being a further agreement that Linder was to pay to the lessor the agreed monthly rental which the plaintiff was obligated to pay by virtue of said leases, so long as the said premises were occupied by the assignee or any one else under him; that there was at the time an act of the General Assembly authorizing the commissioner to acquire by gift, lease, or otherwise sites on which to operate farmers markets, and that said assignments were obtained for such purpose, and that "thus the State, through *Page 785 
the Department of Agriculture, acting through its commissioner, acquired and went into possession of the lands on which the State Farmers Market is now operated;" that upon the construction of the market, the then commissioner of agriculture paid to plaintiff the sum of $100 per month agreed upon until the expiration of his term of office, at which time his successor, Roberts, failed to perform the said agreement, although he continued to operate the market on the leased premises; that under the leases obtained it was covenanted that any improvements placed on the premises by plaintiff or his sublessees should belong to plaintiff, and that plaintiff had the right to remove the same on the termination thereof; that notwithstanding what is above alleged, Roberts entered into new leases with some if not all of the lessors, which said new leases are void, illegal, and contrary to law and equity; that mandamus proceedings were instituted by plaintiff against Roberts, which were determined adversely to plaintiff; that Roberts has refused to surrender possession of the premises to plaintiff; that Roberts is acting beyond his official authority, and by retaining possession of said premises and of the improvements thereon, to the exclusion of plaintiff, is depriving plaintiff of his right to the use and occupancy thereof without authority of law, and such occupancy is a trespass which will cause plaintiff irreparable injury and damage; that by said wrongful acts and conduct plaintiff has been denied the use and occupation of his property without due process of law, in violation of the 14th [5th] amendment to the United States constitution, embodied in Code § 1-805, and in violation of the due-process clause of the Georgia constitution, embodied in Code § 2-103; and in violation of that part of the same which provides that private property shall not be taken and used for public purposes without just and adequate compensation being first paid; that Roberts is purporting to conduct and operate a farmers market on said property in compliance with and under the authority conferred by and pursuant to the act of 1935 (Ga. Laws 1935, p. 369); that if the market act of 1935 authorizes and empowers the commissioner of agriculture to take his property without compensation, to retain his property and deprive him of its use and possession, and to confiscate and use said property to the plaintiff's exclusion, and to his loss and injury, it is unconstitutional and void in that it deprives the plaintiff of his property without due process of law in violation *Page 786 
of the 14th [5th] amendment to the Federal constitution as embodied in Code § 1-805, which provides, "No person shall . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation," and in violation of the constitution of this State embodied in Code § 2-301, which provides that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid," and in that it amounts to a confiscation and a taking of the plaintiff's private property for public purposes without just and adequate compensation being paid to him, in violation of that provision of the constitution; but that such act will not be so construed by the courts as to render the same violative of the constitution of this State or of the United States, and that properly construed said Roberts, instead of acting in conformity with the power and the authority conferred by said act, is acting in derogation thereof and contrary thereto, and in excess thereof, and his acts are not those of a public officer in the discharge of his official duty, but those of a private individual amenable to the process of the courts; that in the event it is determined that Roberts is operating said market as a public enterprise under authority of the market act of 1935 and in accordance therewith, with, and in so acting is within the sphere of his official duties, he has, under the facts alleged, confiscated, taken, appropriated, and damaged the property of the plaintiff and his rights therein, for public purposes, in violation of the provisions of the constitution of this State above referred to, and plaintiff alleges that the value of his property right in said premises and in and to the leases and the privileges thereby conferred, including the right of removal of improvements, option to renew purchase, and his estate for years therein since January 1, 1937, to the expiration thereof, is reasonably and justly worth not less than $50,000, in which sum said defendant Roberts has injured and damaged the plaintiff. Other allegations of the petition are as follows: "The plaintiff shows that the income derived from the operation of said farmers market, after the payment of unreasonable and unlawful charges as alleged, and the income from said unauthorized ventures are paid into the general funds of the Department of Agriculture of Georgia, and there they become a part of the State funds and out of plaintiff's reach through the processes of the courts of this State. Plaintiff *Page 787 
further shows, that, by reason of these facts and of the fact that the market as it is now operated is unlawful and contrary to the statute under which it is purported to be operated, a receiver should be appointed to take charge of the funds illegally collected by said Roberts and to pay to the owners of the fee their lawful rentals and to pay the necessary and lawful expenses of the operation of the market and other activities on the plaintiff's property and estate, and to prevent the taking, damaging, and confiscating thereof by said Roberts, subject to the orders and decrees of a court of equity, and to abide by any decrees and judgments thereof in this matter. . . Plaintiff shows that said leases, contracts, and agreements between the defendant Roberts or by Tom Linder as commissioner of agriculture, and the owners of the fee, named as defendants herein, concerning the rental of said lands by said owners to the commissioner of agriculture, made subsequent to those leases between the same owners and the plaintiff, and which were not made subject to or with regard to said leases of the plaintiff, are void, as herein alleged, and are a fraud upon the plaintiff and upon the State, because contrary to law and without authority of law, and for a higher monthly rental than the leases between the plaintiff and such lessor defendants, which he transferred to the commissioner of agriculture, which sublease or transfer was held void because without authority of law, but under which transfer and assignment the commissioner of agriculture took possession and retained possession, and said subsequent void leases should be delivered up by said defendants, and canceled, as the same constitute a cloud upon the title of the plaintiff and upon his estate for years in said premises and the rights and privileges acquired by him under said valid and subsisting leases between himself and said lessor defendants, set out in paragraphs 22 and 23 hereof; that an accounting should be had, and that the lessor defendants should be compelled to account to a receiver to be appointed by this court for all sums paid and received under said void leases and agreements over and above the sums for which said premises were leased to the plaintiff under said original leases, so that said sums may be applied to plaintiff's claim; that plaintiff should be awarded damages and reasonable compensation for his estate and his property taken by said Roberts as herein alleged, or he should be awarded a reasonable and just compensation for the use and occupancy *Page 788 
thereof since January 1, 1937, and immediate possession of the premises should be given to him, and he should be awarded damages based upon the value of the use and occupancy of said premises since January 1, 1937, and as compensation for being deprived of his premises, his property, and his estate and the right to use the same and operate a market thereon since said date, and that the defendant Roberts should be required to produce his books and records in order that the amount of income derived from his use and occupancy of said premises since January 1, 1937, and the operation of the market and other businesses thereon can be ascertained."
Joined as defendants were Columbus Roberts in his official capacity as Commissioner of Agriculture of the State of Georgia, Columbus Roberts individually, the lessors and their renting agents. The prayers, twenty-two in number, were for various forms of relief against all the defendants, including that of cancellation, receiver, injunction, damages, accounting, and general relief.
Certain amendments to the petition were made, one reciting that since the filing of this action the commissioner of agriculture on behalf of the Department of Agriculture has abandoned the operation of the State Farmers Market, referred to in this suit; has withdrawn therefrom and ceased all management, control, and regulation thereof; has removed the office building constructed thereon by the Department of Agriculture, and has left all said properties and the sheds thereon in the hands of the owners of the respective parcels of land covered by the leases referred to in the petition; and that notwithstanding the fact that the commissioner of agriculture has abandoned the State's operation of the market, its operation as a market is being continued either by the mutual agreement or concert of action of the various owners of the properties.
General demurrers were sustained and the petition as amended dismissed, and the plaintiff excepted. Tom Linder, having succeeded Columbus Roberts as commissioner of agriculture, was made a party in his official capacity after the case reached this court.
The foregoing statement does not contain a complete summary of all the allegations in the seventy-three paragraphs of the petition, nor all the matter added by amendments; but it sufficiently indicates the character of the suit, and together with certain facts stated in this opinion discloses the features which in our opinion show its inherent infirmity.
Litigation closely related to this is to be found in Roberts
v. Barwick, 187 Ga. 691 (supra), and Barwick v. Roberts,188 Ga. 655 (supra), in the former of which there is a statement of many facts set out in the present record and necessary to be dealt with here. We have in the headnotes announced the principles of law which we conceive to be applicable and controlling in the instant case. Several of these rulings are but repetitions of what was decided in the two cases above referred to, and still another was from Newton v.Atlanta, 189 Ga. 441 (supra), where this court treated the same property here involved as public property, and an instrumentality of government, and held that the activities of the commissioner of agriculture in creating and operating the market were governmental functions.
Plaintiff in the present suit alleges that this court "determined and decided that the transfer and assignment by the plaintiff to the commissioner of agriculture was void." No such question was before us, and we did not so hold. What we ruled in the mandamus case of Barwick v. Roberts, supra, was that the agreement alleged by plaintiff to have been entered into between him and the commissioner and which was not set out in the transfer of the leases, by the terms of which the plaintiff was to be paid $100 per month during the term of the leases, was a debt inhibited by art. 7, sec. 3, par. 1, of the constitution of this State, and unenforceable. The act of February 25, 1935 (Ga. L. 1935, p. 369: Code §§ 5-208 to 5-223) expressly empowers the commissioner of agriculture to acquire by lease sites on which to operate farmers' markets. Barwick, having obtained the leases, assigned the same in writing to the then commissioner, and according to the petition there was, at the time, this agreement to pay Barwick so much per month during *Page 790 
a term of years, and until his term of office expired the commissioner met these payments. Upon the termination of his tenure of office, his successor refused to make further payments to Barwick, although continuing to occupy the premises covered by the leases, and paying the rentals regularly to the lessors. By amendment the petitioner alleged that on January 1, 1941, since the filing of his action, the commissioner has abandoned the operation of the market referred to in the pleadings, and has ceased all activities in behalf of the Department of Agriculture in said premises. Basing his case on the incorrect assumption that the assignment of the leases was void and that this court so held, he asks that the leases so transferred by him be surrendered, following this with a contention that the State through its commissioner of agriculture has wrongfully and forcefully taken his private property away from him and devoted it to public purposes. He prays for damages, and for a judgment therefor against the commissioner of agriculture, because, as alleged, his property has been so taken and used. In so far as a judgment is prayed against Roberts individually, it is asked only on condition that it be determined that he acted wrongfully and in a private manner. No personal judgment is asked against Linder. Whatever contracts Barwick had with the owners of the fee he transferred to the commissioner of agriculture, who paid the stipulated rentals directly to the original lessors. Barwick is not in position therefore to obtain any relief as against them. His whole case has for its purpose the obtaining of compensation due him by reason of the fact that he has not been paid by the commissioner of agriculture all of the purchase-price of the sale of the leases, which was contained in a separate promise to pay, which constituted a debt which Linder as a State official had no authority to create. The law charged Barwick with knowledge of this limitation on Linder's part to create a debt binding on the State. The many decisions cited by the plaintiff in support of the proposition that a county or city, or a similar subdivision, that retains the use of property and gets the benefit of it, is liable to the owner for the value thereof, notwithstanding the contract of purchase was invalid, afford no ground for the granting of any of the relief here sought.
Finally it is argued that it would be unconscionable, under the facts here alleged, for a court of equity not to grant the plaintiff *Page 791 
relief. Our reply is, first, that equity follows the law; secondly, that as to this matter, it is the framers of the constitution and the members of the General Assembly that are the keeper of the State's conscience, and not the courts, it being the latter's function not to enact, but to declare the law.
It was not error to sustain the general demurrers and to dismiss the action.
Judgment affirmed. All the Justices concur.