## 26859.   GLYNN COUNTY v. DAVIS et al.

Argued December 13, 1971—Decided January 19, 1972—
Rehearing denied February 11, 1972.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel,*
for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,*
*Executive Assistant Attorney General, Alfred L. Evans, Jr.,*
*Richard L. Chambers, Assistant Attorneys General, Fortson,*
*Bentley & Griffin, Edwin B. Fortson,* for appellees.

Almand, Chief Justice. This appeal is from an order de-
nying the prayers of the appellant, Glynn County, for the
grant of an interlocutory injunction and dismissing the
complaint on motion to dismiss. Glynn County, Georgia,
filed five complaints against five different parties. The alle-
gations and prayers are substantially the same. They were
consolidated, and the ruling made by the trial judge is ap-
plicable to all five complaints.

The complaints alleged that the plaintiff is the governing
authority of Glynn County and is vested with the authority
to issue licenses for the sale of alcoholic beverages within
the county; that the defendants have been issued licenses
by the Revenue Commissioner of Georgia for the sale of
alcoholic beverages on the premises of the defendants' mo-
tels on Jekyll Island, in Glynn County; that according to
the provisions of law the State Revenue Commissioner is
not permitted to issue a license for the sale of any alcoholic
beverages, outside the limits of an incorporated municipali-
ty, until the applicant has exhibited to him a license
granted by the governing authority of the county in which
the sale is to be made; that Glynn County has not issued to
the defendants licenses for such sale; and that the defend-
ants are operating establishments for the sale of alcoholic
beverages without authority from Glynn County and in vio-
lation of law.

By amendment a second count was added to the complaints. It alleged that an ordinance was duly enacted by the county for the levy of an excise tax upon the sale of alcoholic beverages at wholesale and retail, and that the defendants are conducting the sale of alcoholic beverages on Jekyll Island, and refuse to pay Glynn County the tax prescribed by the ordinance.

The prayers were that the several defendants be temporarily and permanently enjoined from selling alcoholic beverages.

In their answers, the defendants denied the allegations of the complaint that they were selling alcoholic beverages in violation of law, in that they held licenses from the Jekyll Island State Park Authority and the State Revenue Commissioner to sell alcoholic beverages on Jekyll Island, and that no licenses were required from the county.

The State of Georgia and the Jekyll Island State Park Authority, through the State Attorney General, were permitted to intervene.

On the hearing, it was stipulated that the several defendants held licenses from the State Revenue Commissioner and the Jekyll Island Park Authority to sell alcoholic beverages on the Island, but none from Glynn County. The ordinances of the county as to the issuance of licenses for the sale of alcoholic beverages and the levy of an excise tax on such sales were introduced in evidence.

The defendants introduced in evidence a resolution of the Jekyll Island State Park Authority providing for the licensing, regulation and control of the distribution and sale of spirituous liquors, malt beverages and wines within the territory governed by the Jekyll Island State Park Authority, in Glynn County, and adopting rules and regulations for licensing the sale of alcoholic beverages and the imposition of an excise tax upon the sale of such beverages.

At the conclusion of the hearing, the court, after holding that Glynn County had no power or authority to license or tax the sale of alcoholic beverages on Jekyll Island State Park, denied the prayer for an injunction and sustained the

defendants' motion to dismiss the complaint.

■ *Code Ann.* § 58-1031 provides: "No license shall be granted by the Revenue Commissioner until the applicant has exhibited a license granted by the municipality, if the place of business to be conducted is within the corporate limits of a municipality, or by the governing authorities of the county where the place of business to be conducted is located, if such place of business is outside the corporate limits of a town or city, and the local authority issuing this license shall have full authority to pass on the character, reliability, and other qualities of fitness before issuing such license." Ga. L. 1937-38, Ex. Sess., pp. 103, 112.

Glynn County contends that the defendants are engaged in the sale of alcoholic beverages not in the limits of an incorporated municipality, and that before they can engage in such business they are required to obtain licenses from the county by virtue of the above quoted statute.

Jekyll Island is owned by the State of Georgia. Jekyll Island State Park Authority was created a body corporate and politic by the General Assembly and declared to be an instrumentality of the State and a public corporation (Ga. L. 1950, p. 152; *Code Ann.* § 43-603a), and Jekyll Island was leased to the Authority for 99 years. The Authority was granted the power, "to plan, survey, subdivide, improve, administer, construct, erect, acquire, own, repair, remodel, maintain, add to, extend, improve, equip, operate, and manage projects as hereinabove defined, to be located on property owned or leased by the Authority . . . ; . . . to adopt, alter or repeal its own bylaws, rules and regulations governing the manner in which its business may be transacted and in which the power granted to it may be enjoyed, as the Authority may deem necessary or expedient in facilitating its business; . . . to do any and all other acts and things in this Chapter authorized or required to be done, whether or not included in the general powers is this section mentioned . . ." *Code Ann.* § 43-606a (e), (k), (l).

Among the several contentions of the defendants are, (a) that the provisions of *Code Ann.* § 58-1031, as to obtaining

licenses from Glynn County to sell alcoholic beverages on Jekyll Island, have no relevance to the State-authorized sale of alcoholic beverages on State-owned property maintained under a lease by a public corporation and instrumentality of government: and, (b) that the State has created the Authority to govern, administer and control Jekyll Island, vesting in the Authority broad and regulatory powers, so that to permit Glynn County authorities to license and regulate the sale of alcoholic beverages on the Island would conflict with the General Assembly's mandate that the governing authority is the Jekyll Island State Park Authority.

We agree with the defendants' contentions.

In *Newton v. City of Atlanta,* 189 Ga. 441 (6 SE2d 61), several dealers in fruits and other produce sought to enjoin the City of Atlanta from enforcing the payment of an annual occupation tax. They alleged that their business was conducted wholly on the Georgia State Farmers Market, created and operated by the State through the Commissioner of Agriculture, and that for the privilege of using the market they were paying to the Commissioner a daily fee. The trial court sustained the City's general demurrer and dismissed the petition. This court reversed. It was held that the operation of the State Farmers Market was a State function. In holding that public property and the various instrumentalities of government are not subject to taxation, this court said (p. 445): "Instrumentalities and businesses have likewise been exempted from occupation taxes, even though privately owned and used for private gain, if they form an integral and essential part of governmental functions on government-owned or government-controlled property, and are conducted in accordance with the rules prescribed under governmental authority as authorized by statute. This is true for the reason that such taxation and acts of a subordinate political division 'might be destructive of the means adopted by the government to carry out its purposes and obligations' (Territory of Alaska v. Annette Island Packing Co. (C. C. A.), 289 F 671, 673), or 'may interfere with, or impair . . . efficiency in performing the

functions . . . designed to serve [the] government.' Farmers &c. Sav. Bank v. Minnesota, 232 U. S. 516, 525 (34 SC 354, 58 LE 706), and cit.; Choctaw &c. R. Co. v. Harrison, 235 U. S. 292, 298 (35 SC 27, 59 LE 234); Western Union Tel. Co. v. Texas, 105 U. S. 460 (26 LE 1067); 26 R. C. L. 96, 99, 105, 331, and cit." Compare Collins v. Yosemite Park &c. Co., 304 U. S. 518 (2) (58 SC 1009, 82 LE 1502).

The trial court correctly held that Glynn County had no authority to require the defendants to obtain licenses from it before they could sell alcoholic beverages on Jekyll Island.

■ The court correctly refused to enjoin the defendants because of their failure to pay an excise tax on the sale of alcoholic beverages.

The ordinance levying an excise tax on the sale of alcoholic beverages is not applicable in this case for the reason that the defendants do not hold a county license. Section 1 of said ordinance provides: "The license fee or tax applicable to the sale of alcoholic beverages and liquors enumerated . . . shall be collected in behalf of Glynn County by the wholesale dealers who sell alcoholic beverages and liquors to persons in Glynn County, without the corporate limits of the City of Brunswick, *who hold retail license duly issued by the Board of Commissioners of Roads and Revenues of Glynn County.*" (Emphasis supplied).

The judgment denying an injunction and sustaining the motions of the defendants to dismiss is

*Affirmed. All the Justices concur.*