The Central Railroad *vs.* Hamilton.

---

## THE CENTRAL RAILROAD *vs.* HAMILTON.

1. In a suit against a railroad for killing a cow, in a county where the law provided that stock should not run at large, requests to charge that if the plaintiff permitted her cow to run at large, and it was killed by the defendant's cars, the former would be guilty of negligence and could not recover, were properly refused. It was not for the court to single out any one of a number of facts, and tell the jury that it constituted such negligence as would deprive the plaintiff of her right to recover.
2. Repeals of laws by implication are not favored; indeed, it may be questioned whether they exist at all under the constitution of this state.
(*a.*) What are known as the stock laws, embodied in Code, §§1449-54, are not in *pari materia* with §§3033-4, and do not modify or alter the rule of diligence to be observed in the running of trains; but the existence of a stock law in any locality is a fact which the jury may consider, in ascertaining the amount of care and diligence exercised by each of the parties to the transaction, and in apportioning the extent of the liability of the company, if any.

November 6, 1883.

Laws. Fences. Railroads. Damages. Negligence. Before Judge STEWART. Spalding Superior Court. February Term, 1883.

Amanda Hamilton brought suit in the county court of Spalding county against the Central Railroad, for the value of a cow killed by the defendant's train. Plaintiff recovered a judgment, and defendant appealed to the superior court. On the trial, the evidence showed that the cow was killed by the train, but the defence rested on the question of negligence in the railroad and the owner of the cow respectively. What is known as the stock law was in force in Spalding at the time, prohibiting owners of stock from allowing them to run at large. (See Code, §§1449–1454.) The husband of plaintiff testified that the cow was turned out of a lot in Pike county, in which there was no stock law, and wandered into the adjoining county of Spalding, where she was killed. The jury found for the plaintiff $40.00, with interest from the date of the injury. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to charge the following request: "It is against the law of this state, as applicable to Spalding county, for stock to run at large. This being the law, if the owner of the cow that is alleged to have been killed permitted it to go at large in the county of Spalding, the owner would be guilty of negligence, and if such negligence caused the cow to be killed, the plaintiff cannot recover.

(3.) Because the court refused to charge the following request: "If the cow of plaintiff was permitted to go at large, and was killed by the defendant's cars in the county of Spalding since the adoption of the stock law, then defendant would not be guilty of negligence, and plaintiff could not recover."

(4.) Because the court refused the following request: "If plaintiff permitted her cow to run at large, and if her cow was upon the right of way of defendant in the county of Spalding when killed, then plaintiff cannot recover, unless the evidence shows that the engineer did recklessly and wilfully run the engine on the cow."

(5.) Because the court charged as follows : "It is proper for you to consider whether the cow was found and killed in a county where the stock law is in force ; that is to say, where the law required people to keep up their stock ; it is proper for you to consider, if that was shown, whether or not these officers and agents of this railroad company would or would not have the right to presume there was no stock there at the place where the cow was killed."

The motion was overruled, and defendant excepted.

W. L. WATTERSON ; JOHN I. HALL, for plaintiff in error.

HENRY WALKER ; L. CLEVELAND, for defendant.

HALL, Justice.

The principal question presented by this case is, what effect, if any, the provisions of the law, in counties where it is of force, requiring stock to be kept up, has upon the liability of railroads for killing the same in such localities, by the running of their trains ? Does this law, which is embodied in §§1449, 1450, 1451, 1452 of the Code, modify or alter the rule of diligence to be observed in the running of trains in such cases by §§3033 and 3034 of the Code— viz : That the company shall be liable for damage done to stock by its locomotives or cars, or by any person in its employment, unless it shall make it appear that its agents have exercised "all ordinary and reasonable care and diligence," or unless it appear that the injury to the property was done by the consent of the owner, or was caused by his negligence, or unless both parties were at fault, in which case, the owner may, nevertheless, recover, but the damages are to be diminished by the jury in proportion to the amount of default attributable to him ?

The defendant, by its counsel, requested the court to charge the jury,

(1.) That it was against the law of the state for stock

to run at large in Spalding county, which had adopted the law requiring it to be kept up; that in such case, if the owner of the cow alleged to have been killed permitted her to run at large in said county, she would be guilty of negligence, and if such negligence caused the cow to be killed, she could not recover.

(2.) That if the cow was permitted to run at large by the plaintiff, and was killed by the defendant's cars in the county of Spalding, since the adoption of the stock law, then the plaintiff would be guilty of negligence, and could not recover.

(3.) If the plaintiff permitted her cow to run at large, and she was upon the right of way of defendant in the county of Spalding when killed, then there could be no recovery, unless the evidence showed that the engineer recklessly and wilfully ran the engine on the cow.

1. The court refused to give each and all of these charges requested, and we think did not err in so doing. The first request was manifestly wrong, in that it assumed that the running at large of the cow, without reference to any of the other facts proved, was of itself such negligence as would defeat a recovery; and this, although the conduct of the defendant's agents, in running the engine and train, may have been wholly without justification; and the second request embodies a like unsound proposition. Neither of these requests is sufficiently guarded. It was not for the court to single out any one of a number of facts, and tell the jury that it constituted such negligence as would deprive the plaintiff of the right to recover. It was emphatically a question for the jury to pass on, under all the evidence, with proper instructions from the court.

2. Whether the last request should have been given, will depend upon the solution of the question as to the alteration of the rule of care and diligence prescribed by the Code, by the subsequent passage of the stock law. It is scarcely necessary to state that repeals by implication are not favored—this was not denied by the learned

counsel for plaintiff in error; indeed, it may be well questioned whether, under the provision of our constitution which declares that " no law or section of the Code shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but that the amendment or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to . be made" (Code §5076), 'there can be such a thing as a repeal or alteration of a law, or section of the Code, by implication in this state.

But, be this as it may, it is urged that the legislation in relation to the confinement of stock, so as to prevent its running on the premises of others, is *in pari materia* with the sections of the Code that lay down the rule of diligence to be observed by railroads in the running of their trains, and defines their liabilities in cases where stock is killed, and should be so construed as to make these acts consist with each other.

We are of opinion that the provisions in question are not *in pari materia*, but deal with distinct subjects. The provisions of the Code §§3033 and 3034, lay down what care and diligence the roads must observe in the running of their trains, and what will modify or relieve them altogether from liability, in the event that stock is killed by them.

The stock law contains no similar provision. It does not contemplate the killing of stock wandering upon the land of another; on the contrary, it provides for the taking up and impounding such stock, the care to be bestowed upon it while in the pound, etc., how the expense of impounding is to be paid, and gives a remedy for the damage done by the stock while going at large. Code, §§1451, 1452, 1454. The illegal impounding or abuse of stock is made penal by the same act. Code §1453.

That the existence of the stock law in any locality is a fact which the jury may consider in ascertaining the amount of care and diligence exercised by each of the

parties to the transaction, and in apportioning the extent of the liability of the company, or in exempting it therefrom, we think is proper. That was the instruction substantially given by the presiding judge in this case, and that it was not overlooked or disregarded by the jury is evident from the fact that the cow killed was proved to be worth fifty dollars, while the verdict returned forty dollars only for the plaintiff.

Judgment affirmed.