### TRUSTEES FIRST METHODIST CHURCH *vs.* CITY OF ATLANTA.

REFUSAL OF INJUNCTION, FROM FULTON. Constitutional Law. Tax. Streets and Sidewalks. Public Policy. Religious Corporations. Laws. Construction. Trusts and Trustees. (Before Judge Clarke).

[Jackson, C. J., being disqualified, did not preside in this case.]

Hall, J.—1. In 70 Ga., 817, this court held that an act of the general assembly conferring upon a municipal corporation authority to assess real property, abutting on a street, for improvements made thereon, did not involve the exercise of the taxing power within the meaning of that term as used in the Constitution, and there was a distinction.

between such assessments and taxation; but the question was not considered whether such assessments, being made and collected for the benefit of the public and as a substitute for other services required of the citizen to effectuate that particular purpose, were not in the nature of taxation; nor did this court hold that they were not *"ejusdem generis"* with ordinary taxation. 65 Pa. St., 146; Jones *vs.* Sligh *et al.* (Oct. term, 1885); 1 GEORGIA LAW REPORTER, p. 211. Acts 1880–1, pp. 358–365.

2. No corporation, whether private or public, can exercise any power not expressly conferred or necessarily implied to enable it to carry into effect the purposes for which it was created. Code, §1607.

(a) It can never be presumed that the generel assembly intended by such local acts as that authorizing assessments for the improvement of streets, where they have used no language expressly referring to the matter, to modify, alter or change the general law or the uniform and unvarying practice of the government in relation to that and kindred subjects. 8 Ga., 23.

3. The policy of this state, as exhibited in its Constitution and in the history of its legislation, is to encourage and advance religion and to foster charity, and an act allowing local assessments for street improvements will not be so conssrued as to violate this declared public policy, or as intending, by general expressions, to impose burdens upon religious or charitable institutions. 11 Ga., 75, 91; Cooley's Const. Lim. marg. p. 471; Code, §§3158, 5004, 5005, 2468, 3155, 3156 and cit., 3157, sub-sec. 8, 3160, 4535, 798, 5182.

(a) The Constitutional inhibition against taking any money from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religionists, or any sectarian institution, does not conflict with the declaration of a public policy generally encouraging or advancing religion or charity nor with the power granted to the legislature to encourage religious instruction, by exempting from taxation for the support of the state government places of religious worship. Code, §§5006, 5182; Cooley's Const. Lim., 470, 471.

(b) It is dangerous to imply a legislative intent contrary to previous legislation from doubtful expressions which may admit of different interpretations. 71 Ga., 461; Montgomery, ex'r, *et al vs.* Board of Education of Richmond county *et al.* (Sept. term, 1884).

4. It was not the intention of the legislature, in passing the act of September 3, 1881, (acts 1880–81, pp. 358–365), to make either public property or property held exclusively for the purposes of religious worship, or any other property named, §§798, 5182 of the Code, subject to the provisions of that act.

(a) The trustees of the First Methodist Episcopal Church South,

of Atlanta, could not create any lien, by their acts, upon the property they held in trust, without express authority to do so.

Judgment reversed.

H. E W. Palmer; Harrison & Peeples, for plaintiffs in error.

J. B. Goodwin; J. T. Pendleton, for defendant.