## 29649. WOOD *v.* THE STATE.

44

Decided September 25, 1942.

Joe Quillian, for plaintiff in error.

Hope D. Stark, solicitor-general, contra.

Gardner, J. On August 23, 1941, the court passed the following sentence: "That the defendant, J. B. Wood, pay a fine of five hundred ($500) dollars, including all costs of this prosecution, and that the defendant be put to work and labor on the public works of the County of Jackson, or otherwise, as the commissioners of said county may direct, for the space of twelve months to be computed from the date of his delivery. Further ordered that the twelve months public-works sentence be and same is suspended upon payment by said defendant on or before Aug. 30, 1941, until further order of the court." The defendant paid the fine specified in the order. After notice and a hearing the judge who had imposed the above sentence passed the following order on March 27, 1942: "That the original sentence in the above-stated case against defendant, J. B. Wood, dated the 23rd day of August, 1941, that defendant be put to work and labor on the public works for the space of twelve months be now enforced and that the said defendant be apprehended and taken into custody by the sheriff of Jackson Co. or other lawful officer, and turned over to the county authorities of Jackson Co. for the execution of said original sentence. This the 27th day of March, 1942." The defendant, by direct bill of exceptions, tests the authority of the judge to impose the last order.

The contentions present for decision whether the provisions of the act of March 24, 1933 (Ga. L. 1933, p. 266, Code, § 27-2706), are now of force. That act provides:

"Section 1. Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of

same, that in all criminal cases tried in this State, in which the defendant or defendants are found guilty or in which a plea of guilty is entered, and the trial judge after imposing sentence further provided that the execution of such sentence shall be suspended, it shall have the effect of probating such defendant or defendants as provided in sections 1081 (a)-(d) Park's Code of Georgia.

"Section 2. Be it further enacted by the authority aforesaid, that all persons who have heretofore been found guilty or who have entered a plea of guilty to any offense in this State, and on whom sentence has been passed but the execution of such sentence suspended by order of the trial court, shall be deemed probated offenders for the term of their respective sentences from the date of the passage of this act. . .

"Section 3. Be it further enacted, that all laws and parts of laws in conflict with this act be and the same are hereby repealed."

The judge revoked the original sentence on the theory, and so stated, that the provisions of the act of 1933 were repealed by necessary implication by the act of February 16, 1938 (Ga. L. Ex. Sess., 1937-1938, p. 326), which reads as follows:

"Section 1. In all criminal trials, whether misdemeanor or felony, wherein the defendant does not enter a plea of guilt, the jury shall pass only on the question of the guilt or innocence of the accused; and it shall be the duty of the trial judge to fix sentence as provided by law, upon the conviction or plea of guilt of the defendant.

"Section 2. Before passing sentence, it shall be the duty of the trial judge to make investigation from the best available sources of the case history of the defendant, and to take the findings of said investigation into consideration in fixing and passing sentence on defendant.

"Section 3. After conviction or plea of guilt for any offense, except a crime punishable by death or life imprisonment, the trial judge may, if he deems it for the best interest of society and the defendant, suspend the imposition or execution of sentence, and may also place the defendant on probation, or may impose a fine applicable to the offense, and also place the defendant on probation.

46

"Section 4. This act shall become effective upon passage and approval.

"Section 5. All laws and parts of laws in conflict with this act be and the same are hereby repealed."

It is further contended that, since the act of March 24, 1939 (Ga. L. 1939, p. 285, Code Ann. §§ 27-2525 et seq.), repealed in toto the act of 1938, no inhibition or restriction surrounds the act of a judge suspending a misdemeanor sentence. It is contended that so far as a suspended sentence is concerned the law stands as it stood before the passage of the act of 1933 set out above, and that such suspended sentence may be imposed at any time in accordance with a line of decisions holding to this effect. The leading case on this subject is *Neal* v. *State*, 104 *Ga.* 509, (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175). The act of 1939 provides that the act of 1938, supra, "be and the same is hereby repealed in its entirety." The act provides further: "Sec. 2. That from and after the passage of this act all felonies under the laws of this State, except treason, insurrection, murder, robbery by force, manslaughter, assault with intent to rape, rape, sodomy, foeticide, mayhem, seduction, arson, burning railroad bridges, train wrecking, destroying, injuring or obstructing railroads, perjury, false swearing and subornation of perjury and false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms provided by law; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in fixing the punishment, reduce such felonies to misdemeanors.

"Section 3. That from and after the passage of this act the jury in their verdict on the trial of all cases of felonies not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as a punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit.

"Section 4. That from and after the passage of this act the trial judge may, in all prosecutions for crime except as herein-after provided, where the defendant has been convicted either upon a trial or upon his plea, where the judge has power to sentence such defendant to the chain-gang, jail or other place of detention, where it appears to the satisfaction of the judge that the circumstances of the case and the public good do not demand or require the defendant's incarceration, mold his sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail or other place of detention, under the supervision of the court, and in such manner and on such conditions as the judge may see fit, giving the reasons therefor, which shall be made part of the record. Nothing in this section shall in any manner affect the laws providing the method of dealing with delinquent, wayward or dependent children, in those counties which have or may establish juvenile courts. And no person shall have the benefit of this section except those convicted of misdemeanors or felonies which have been reduced to misdemeanors either by the judge upon his own motion or upon recommendation of the jury.

"Section 5. All laws or parts of laws in conflict with this act are hereby repealed."

The only question to be decided is whether the provisions of the act of 1933, to the effect that a suspended sentence shall have the effect of probating the defendant as provided in § 1081 (a)-(d) Park's Code of Georgia, now Code § 27-2702, were repealed by the subsequent acts of the legislature.

(*a*) Criminal statutes are to be strictly construed. This is elementary and needs no citation of authority.

(*b*) The act of 1938 makes no mention of the provisions of the act of 1933. The act of 1933 was not expressly repealed by the act of 1938. If the act of 1933 was repealed by the subsequent act it was by implication only. It is well established that repeal by implication obtains in Georgia. See *Edalgo* v. *Southern Railway Co.,* 129 *Ga.* 258, 266 (58 S. E. 846); *Collins* v. *Russell,* 107 *Ga.* 423 (2) (33 S. E. 444); *Smith* v. *Oatts,* 92 *Ga.* 692 (18 S. E. 1007). It is equally as well established that repeals by implication are not favored. *Sims* v. *State,* 7 *Ga. App.* 852 (68 S. E. 493); *Montgomery* v. *Board of Education of Richmond*

*County,* 74 *Ga.* 41 (*b*); *Central Railroad* v. *Hamilton,* 71 *Ga.* 461 (2); *Erwin* v. *Moore,* 15 *Ga.* 361 (2).

(*c*) In determining whether a statute is repealed by necessary implication, it is necessary to examine the statutes involved. If the provisions of the subsequent statute can not be reconciled with the provisions of the statute claimed to be repealed, then by implication the former statute is repealed. Of course it necessarily follows that if the two statutes may be reconciled the former is not repealed. See Sutherland's Statutory Construction, 467, where the following rule is laid down: "The earliest statute continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it; and where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication. People *v.* Raymond, 186 Ill. 407, 57 N. E. 1066." This authority also cites *Georgia Southern & Florida Railroad Co.* v. *George,* 92 *Ga.* 760 (19 S. E. 813), *National Bank of Augusta* v. *Augusta Cotton & Compress Co.,* 104 *Ga.* 403 (30 S. E. 888), and other cases.

(*d*) There is a very kindred question which arises in the instant case and that is, did the act of 1939, in repealing the act of 1938, restore or revive the act of 1933? This question was first dealt with by our Supreme Court in *Harrison* v. *Walker,* 1 *Ga.* 32. This decision announces the principle that when a repealing statute is itself repealed the first statute is revived regardless of whether there are formal words for that purpose. The Supreme Court again, in *Butner* v. *Boifeuillet,* 100 *Ga.* 743, 749 (28 S. E. 464), stated: "The rule itself rests upon the theory, that each expression of the legislative mind represents the legislative intent at the time of that expression, and that the repealing statute indicates a change of the legislative purpose as expressed in the prior law, and, therefore, when the repealing statute is in turn repealed, without any reference to the pre-existing law, the presumption is that the legislature intended by the repeal to restore the order of things existing under the repealed statute." This rule is reiterated in *Warren* v. *Suttles,* 190 *Ga.* 311, 313 (9 S. E. 2d, 172), where the *Butner* case is quoted on this point. The *Butner* case has been many times cited in textbooks on the subject

and in subsequent decisions of our Supreme Court and of this court. Both the *Harrison* and the *Butner* cases as to this rule were cited by the Supreme Court in the *Warren* case, supra, although it was held in the *Warren* case that the facts were not applicable to that case. Following this principle under the facts of this case, it is persuasive, if indeed not clearly binding on this court to hold that the provisions of the act of 1933 were restored and revived by the act of 1939 which repealed in its entirety the act of 1938. This view is based on the ground that the provisions of the act of 1933 were repealed by implication by the act of 1938. Conceding but not admitting that the provisions of the act of 1933 were not thus restored and revived, if repealed, we are convinced that the provisions of the act of 1933 are still of force for the reason that we find, touching the suspension of sentences, nothing in the acts of 1933 and 1938 which is repugnant and irreconcilable. The former deals only with the effect of a suspended sentence, the latter only with authority to impose such.

(*e*) In approaching this question of repugnancy necessary to repeal by implication, we must keep two principles in mind: (1) that the penal statute must be construed strictly, which needs no comment, and (2) the old law, the evil and the remedy. Before the passage of the act of 1933 there was no law touching the effect of a suspended sentence. There was no authority of law for the judge to pass such a sentence, although imposing of such a sentence was not specifically prohibited. There grew up a practice of the judges throughout the State to impose upon a person convicted of a misdemeanor a term in the chain-gang, but to postpone the execution of such sentence. It often happened that, after the expiration of the term specified in the sentence, the defendant would be called to serve such a sentence in the chain-gang long after the time specified had expired, and without any misconduct whatsoever. As was held in the *Neal* case, supra, thereafter followed in a number of cases, since the one on whom the sentence had been imposed had served no portion of the sentence, and since the court was without authority to suspend such sentence, the convict could be forced to serve such sentence at any time thereafter. This sentence remained over him unserved; such was a cloud and a bludgeon over his head, and persons young

and old, however minor the infractions of the law, however correct their lives might be, could thereafter never come from under the cloud of a suspended sentence into the sunshine of hope. As to how long it would thus pend is not before us for decision.

Such was the old law and the evil, or the situation if you choose, when the legislature sought to remedy it by the act of 1933. To cure this situation the act of 1933 provided that when "the trial judge after imposing sentence further provided that the execution of such sentence shall be suspended, it shall have the effect of probating such defendant or defendants as provided in § 1081 (a)-(d) Park's Code of Georgia." The Code sections next above referred to are now codified under § 27-2702. One specific provision therein is that the defendant may serve the time specified in the sentence outside the confine of the chain-gang (public works). When the term specified in the sentence, which the defendant served on probation, expired, the sentence was fully executed and was no longer held over the head of the defendant. He had paid the price for his wrongdoing and was again free. Under the act of 1938 changes were summarily and certainly brought about in the method and manner and authority of imposing sentence on those convicted of violating the criminal law. The only reference in that act touching suspended sentences is found in section 3 as follows: "The trial judge may, if he deems it for the best interest of society and the defendant, suspend the imposition or execution of sentence, and may also place the defendant on probation." It is true that the quoted provision immediately preceding above stipulates that the court may suspend the sentence, but it does not provide what effect such suspension of sentence will be; it does not provide that, so far as the time or term is concerned, it shall not operate and does not terminate the same as probation sentences. Such provision is not, we think, repugnant to and irreconcilable with the provisions of the act of 1933, that after the expiration of the time specified in the sentence the defendant would not be called upon to serve any portion of the time imposed on him in the chain-gang or public works. Hence, repeals by implication not being favored, there being no repugnancy, but reasonable grounds for reconciliation, the repeal by implication of the provisions of the act of 1933 in question is not covered by the provisions of the act of 1938.

(*f*) We come next to consider whether the judge, under the terms of the original sentence of August 23, 1941, was authorized to pass the order of March 27, 1942, and subject the defendant to the service of the term of twelve months in the chain-gang as specified in the last order. The original sentence provided that the sentence should be suspended "until further order of the court." We think that, under the terms of this sentence, the court had authority to compel the defendant to serve any portion of it remaining within the limits of twelve months next succeeding August 23, 1941, the date of the original sentence, with or without cause. The provision in the original sentence "until further order of the court" sufficiently complied with the provisions of the Code, § 27-2702, to authorize the court to use his discretion in revoking. We therefore hold that the court had authority, on March 27, 1942, to compel the defendant to serve the remainder of his twelve-months sentence on the public works of the county, but he did not have authority to compel the defendant to serve the period of twelve months from March 27, 1942. It is therefore ordered that the order and sentence of the court passed on March 27, 1942, be so modified as to sentence the defendant to the remainder of the term for a period of twelve months from August 23, 1941. The interim between the time of revocation, March 27, 1942, and the time of the reception of the defendant by the proper county authorities of the public works shall not be computed as any part of his sentence served. Let these directions be executed, and let the judgment be affirmed.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*