30268.   STREETMAN *v.* THE STATE.

DECIDED NOVEMBER 4, 1943.   REHEARING DENIED NOVEMBER 23, 1943.

*Joseph D. Quillian,* for plaintiff in error.

*Hope D. Stark, solicitor-general,* contra.

BROYLES, C. J. The record shows the following undisputed facts: On January 15, 1943, the defendant was convicted of a misdemeanor, and was fined and sentenced to serve twelve months on the public works, the sentence to be suspended upon payment of the fine, and "until the further order of the court." On August 9, 1943, the court passed the following order: "Georgia, Jackson County. The State of Georgia v. Ferd Streetman, No. 2372 in the superior court of said county. The defendant in the above stated case, Ferd Streetman, having been given a sentence therein on January 15, 1943, whereby he was required to pay a fine and serve twelve months on the public-works at labor in Jackson County, Georgia, or otherwise as the Commissioners may direct, and the execution of said public works portion of the sentence was by order of the court suspended until further order of court, and it now appearing that said defendant has been caught transporting liquors in Banks County, Georgia, in violation of the laws of this State on or about the 8th day of August, 1943, it is thereupon considered, ordered, and adjudged that said Ferd Streetman be taken into custody now by the sheriff of this court or his lawful deputy or other lawful officer, and delivered to the proper authorities for the said suspended sentence to be served—and this order is a warrant to said officers to do this. Only the unserved portion of said twelve months shall be now served by said defendant, and it is ordered enforced. In open court, August 9, 1943. Clifford Pratt, Judge Jackson Superior Court."

The above-quoted order was assigned as error on the following grounds: (1) Because the order and sentence was one of the incidents and a part of the defendant's trial, and he was not notified of said hearing at which it was entered up, and was given no opportunity to be present when it was entered up and was then absent. (2) Because the hearing upon which said order was based was without the defendant's presence, and he was afforded no opportunity to be present and had no notice of the same, although it was a part of his trial in said case. (3) Because the said judgment complained of was contrary to law.

194

This case is controlled by the decision of this court in *Wood* v. *State*, 68 *Ga. App.* 43 (f) (21 S. E. 2d, 915). In that case it was ruled: "The original sentence provided that the sentence should be suspended 'until further order of the court.' We think that, under the terms of this sentence, the court had authority to compel the defendant to serve any portion of it remaining within the limits of the twelve months next succeeding August 23, 1941, the date of the original sentence, with or without cause. The provision in the original sentence 'until further order of the court' sufficiently complied with the provisions of the Code, § 27-2702, to authorize the court to use his discretion in revoking [that sentence]."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*