The court did not err in revoking the defendant's suspended sentence, and in requiring him to finish the unserved portion of a twelve-months suspended sentence imposed for committing a misdemeanor. Wood v. State, 68 Ga. App. 43 (21 S.E.2d 915); Streetman v. State, 70 Ga. App. 192 (27 S.E.2d 704); Mincey v. Crowe, 198 Ga. 245 (31 S.E.2d 406).
Judgment affirmed. Broyles, C. J., and Gardner, J.,concur.
 DECIDED OCTOBER 18, 1945. *Page 93 
 STATEMENT OF FACTS BY MacINTYRE, J.
The defendant, was sentenced on August 8, 1944, in the superior court of Wilkes County, Georgia, to serve twelve months in the public works camp of Georgia. The sentence further provided as follows: "However, it is ordered that upon payment of a fine of two hundred dollars said defendant is given leave to serve the foregoing public-works-camp sentence outside the confines of the jail, public works camp, or other place of detention as the case may be, provided he shall indulge in no unlawful, disorderly, injurious, or vicious habit or conduct; shall avoid places and persons of disreputable or harmful character; shall report to the probation officer monthly; . . He shall be subject to future order of the court as provided by the act of 1913 [Ga. L. 1913, p. 112], of the legislature of said State. Notwithstanding payment of said fine he shall serve said sentence if he violates the terms of this parole." Before the expiration of said twelve months, the defendant was arrested and charged with carrying a concealed weapon. On July 3, 1945, he had a hearing before the court as to whether or not he had violated the terms of his probation sentence. The chief of police of Washington, Georgia, testified positively that when he arrested the defendant on June 28, 1945, he found a pistol concealed in the defendant's pocket. The defendant admitted that he had the pistol, but denied that it was concealed. On this evidence the court revoked the defendant's leave to serve the balance of his sentence outside the confines of the public works camp, and ordered that he be delivered to the proper authorities of Wilkes County, who were required to deal with the defendant according to the original sentence.