LESTER *v.* FOSTER, Sheriff.

No. 17367. FEBRUARY 14, 1951.

*Wilbur B. Nall* and *A. Tate Conyers,* for plaintiff.

*Paul Webb, Solicitor-General, John I. Kelley,* and *William Hall,* for defendant.

HAWKINS, Justice. (After stating the foregoing facts.) The trial court evidently based the judgment in this case upon the decision of this court in *Mincey* v. *Crow,* 198 *Ga.* 245 (31 S. E. 2d, 406), wherein it was held: "The revoking of a suspended sentence, the effect of which is to require service of the unexpired portion thereof, may be done with or without cause, and in the absence of the accused." That decision is authority for the ruling here complained of, but counsel for the plaintiff in error have requested that it be reviewed and overruled. That request is granted. An examination of that opinion will disclose that it is predicated upon the decisions of the Court of Appeals in *Wood* v. *State,* 68 *Ga. App.* 43 (21 S. E. 2d, 915), and *Streetman* v. *State,* 70 *Ga. App.* 192 (27 S. E. 2d, 704). An examination of the *Wood* case will disclose that the question here presented was not there involved, for the record discloses that the defendant was given notice and a hearing before the suspension of that sentence was revoked. The questions for determination there were whether the defendant could be required to serve the entire sentence, or only the unexpired portion thereof, and whether the act of 1933 (now Code, § 27-2706) was repealed by the act of February 16, 1938 (Ga. L. Ex. Sess., 1937-1938, p. 326), or by the act of March 24, 1939 (Ga. L. 1939, p. 285, Code, Ann. Supp., §§ 27-2525 et seq.). The Court of Appeals there held, and we think properly so, that the act of 1933 (Code, § 27-2706) was not repealed, but was of force; and in the course of the opinion held that, since the original sentence there imposed was suspended "until further order of the court," this provision of the sentence sufficiently complied with the provisions of Code § 27-2702 (which has application to probation sentences), to authorize the court to use its discretion in revoking; and that the trial court had authority to compel the defendant to serve any portion of it remaining within the limits of twelve months next succeeding the date of the sentence, but not the entire sentence; and that the trial court could do this *"with or without cause."* Whether the trial court could revoke the suspension "with or without cause" was not involved in that

case, and this language was purely obiter. The other case of *Streetman* v. *State,* 70 *Ga. App.* 192 (supra), did involve the question of whether a suspension could be revoked without notice or hearing, and held that it could be so revoked, and cited the *Wood* case, supra, as the only authority for such holding. Both the Court of Appeals in the *Streetman* case and this court in the *Mincey* case overlooked and failed to give effect to the act of 1933 (now Code, § 27-2706), which specifically provides that, when a sentence recites "that the execution of such sentence shall be suspended, such provision *shall have the effect of placing such defendant on probation as provided in sections* 27-2702 *to* 27-2705." Section 27-2705 specifically provides: "When such person [under a probation sentence] is brought before the court, the court after due examination may revoke its leave to the probationer to serve his sentence outside the confines of the chain gang, jail or other place of detention"; and this court has repeatedly held that: "Where a person is placed under a probation sentence, the probation feature thereof cannot be revoked, under Code § 27-2705, without notice to the probationer and an opportunity to be heard on the question of whether he had violated its terms." *Balkcom* v. *Gunn,* 206 *Ga.* 167 (56 S. E. 2d, 482), and cases there cited.

Since Code § 27-2706 specifically provides that a suspended sentence shall have the effect of placing the defendant on probation as provided by Code § 27-2705, and this court has held that, under the provisions of § 27-2705, a probation sentence cannot be revoked without notice and an opportunity to be heard, the trial court erred in refusing to discharge the plaintiff in error, who was being held under an order and judgment revoking a suspended sentence without notice or hearing, and in his absence.

The act of 1950 (Ga. L. 1950, p. 352) contains nothing which would change this ruling. It merely provides that sentences in felony cases not punishable by life imprisonment, as well as sentences in misdemeanor cases, may be suspended or probated, and further provides: "Said judge is also empowered with the right and authority to revoke said suspension or probation *when the defendant has violated any of the rules and regulations prescribed by the court.*" To deprive a defendant of his liberty

upon the theory that he has violated any of the rules and regulations prescribed in the sentence without giving him a notice and opportunity to be heard upon the question of whether or not he has violated such rules and regulations, would be to violate one of the fundamentals of our system of jurisprudence that a person shall not be deprived of his liberty without due process of law, which includes notice and an opportunity to be heard. Code (Ann.), §§ 1-805, 1-815, 2-103, 2-104; *Robitzsch* v. *State,* 189 *Ga.* 637 (1-a) (7 S. E. 2d, 387). Anything said to the contrary in *Mincey* v. *Crow,* 198 *Ga.* 245 (31 S. E. 2d, 406), *Wood* v. *State,* 68 *Ga. App.* 43 (21 S. E. 2d, 915), and *Streetman* v. *State,* 70 *Ga. App.* 192 (27 S. E. 2d, 704), is overruled.

*Judgment reversed. All the Justices concur.*