# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 12-0815** (Harrison County 12-F-12)

**Tee El Dodd,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Tee El Dodd, by counsel H. Keith Skeen, appeals from the final order denying petitioner's motion for post-verdict judgment of acquittal and motion for new trial, which was entered by the Circuit Court of Harrison County on June 14, 2012. The State of West Virginia, by counsel James Armstrong, has filed its response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2010 petitioner pled guilty to grand larceny in connection with jewelry theft from a residence in which he was working at the residence as contractor.[1] On December 18, 2010, petitioner was pulled over by Harrison County Sheriff's Deputy Cunningham. Deputy Cunningham ran a driver's inquiry and learned that petitioner's driver's license was suspended. Deputy Cunningham asked for consent to search petitioner and found a ring in his pocket.[2] Subsequent to the traffic stop Detective Hotsinpiller and Detective Snider attempted to interview petitioner.[3] The detectives were unable to interview petitioner on their initial attempt but spoke with petitioner's girlfriend, who turned over one of the stolen items. During a non-custodial interview petitioner admitted to the detectives that he purchased stolen jewelry and then gave the jewelry to his girlfriend.

Following the investigation, in January of 2012, a Harrison County Grand Jury indicted petitioner on one count of grand larceny. Following a jury trial, the circuit court sentenced petitioner to a term of incarceration of one to ten years and to pay restitution. On June 6, 2012,

---

[1] This crime is not subject to petitioner's appeal.

[2] The State acknowledged the traffic stop was illegal.

[3] Detective Hotsinpiller was the lead investigator in the present case and a similar case. Detective Snider was investigating an unrelated robbery in which petitioner was a suspect.

1

the circuit court also entered an order denying in part petitioner's motion for post-trial judgment of acquittal and motion for new trial. On June 14, 2012, the circuit court entered a final order denying petitioner's motion for post-verdict judgment of acquittal and motion for new trial.

On appeal, petitioner asserts four assignments of error that are more appropriately addressed as a single assignment of error that challenge the circuit court's denial of his motion for judgment of acquittal and motion for new trial. In support of his argument, petitioner asserts the location of the necklace as testified to by the detective during the grand jury proceeding was different that at trial, thus representing false evidence. Petitioner asserts his conviction was based on inadmissible evidence that should have been suppressed as fruits of the poisonous tree and a prior conviction that was improperly admitted as Rule 404(b) evidence. Finally, petitioner asserts his conviction should be set aside because the indictment was obtained through false testimony; he specifically argues that he was identified as the individual who pawned the stolen jewelry.

The State argues the conviction was not based on false testimony because the detective was simply answering erroneously phrased questions and petitioner had three documents which he could have used to clarify the testimony. The State argues that the necklace and petitioner's statement were properly obtained independently and would have inevitably been discovered because the detective identified petitioner as the primary suspect without regard to the traffic stop. The State argues that the evidence of petitioner's prior jewelry theft was proper for the purpose of establishing identity through modus operandi because the two crimes were nearly identical in that petitioner had the same manner of access to the residences, the same manner of access to the locations where the jewelry was kept, the same opportunity to commit the thefts, the same manner of theft, and the same type of items were stolen. Finally, the State argues petitioner waived his objection to challenge the indictment because he failed to object to the indictment before trial. This Court has held that courts will not quash an indictment because some illegal evidence was received. *State v. Clark*, 64 W.Va. 625, 630, 63 S.E.2d 402, 404 (1908).[4]

We have previously held that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence." *State v. Houston*, 197 W.Va. 215, 229, 475 S.E.2d 307, 321 (1996) (citing Franklin D. Cleckley, 2 *Handbook on West Virginia Criminal Procedure* 292 (2d ed.1993)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could

---

[4] Upon review of the record, petitioner filed a motion to dismiss or motion to suppress evidence on February 6, 2012.

find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for judgment of acquittal or new trial in regard to his conviction for grand larceny. The record shows that the testimony concerning the location of the necklace is not the type of false evidence that was fabricated to secure a conviction, that petitioner was the primary suspect in the underlying investigation, that his statement and the jewelry would have been independently and inevitably discovered regardless of the illegal traffic stop, and that evidence of petitioner's prior crime was properly admitted pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Further, this Court finds no merit in petitioner's argument that the indictment was obtained by the use of false evidence. Petitioner has failed to put forth sufficient evidence that the detective willfully or fraudulently testified during the grand jury proceeding. "'Except for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency.' Syl. Pt., *Barker v. Fox,* 160 W.Va. 749, 238 S.E.2d 235, 235 (1977)." Syl. Pt. 2, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II