J. A. K. SMITH *vs.* THE CORPORATION OF ABERDEEN.

The legislature may delegate to civil corporations the power to tax persons and property within their limits, so far as it may be necessary for good government. *Harrison* v. *Mayor & Council of Vicksburg*, 3 S. & M. 581, cited and confirmed.

The constitution of the State does not prohibit the legislature from levying specific taxes, nor does it declare, that all taxes shall be equal and uniform. *Held*, that the taxing power should always be exercised so as to produce, as near as possible, equality and uniformity in the burdens imposed upon the members of the community.

The tax imposed by the corporation is uniform and equal, for all persons within its limits may share equal benefits, whilst it is imposed uniformly on all property of the description assessed.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

This was a suit instituted in the circuit court of Monroe county, by the mayor and aldermen of the corporation of the town of Aberdeen against J. A. Smith, under the act approved the 23d of February, 1846, amending the charter of said town, extending its limits, and authorizing the mayor and aldermen thereof, " to make an assessment of taxes upon any lot or lots in said town to any amount that they may deem proper and necessary, for the. purpose of making improvements on the streets in front of said lot or lots." The language of the statute is here quoted. It further proceeds to say: " And should the owner or owners of said lot or lots, his or her agent or attorney, after due notice given, fail or refuse to pay such tax, then and in that case the said assessment shall operate as a lien on said lot or lots, and it shall be the duty of said mayor and aldermen, to return to the office of the clerk of the circuit court of Monroe county, the amount of such assessment; and it shall be the duty of said clerk to issue subpœna," &c. The act then further proceeds to point out the manner in which the lien shall and may be enforced after assessment. The amount of taxes assessed was upon certain lots belonging to Smith, which he refused to pay, and the corporation proceeded to enforce the lien upon the property assessed.

The defendant, Smith, demurred to the petition, and assigned for cause of demurrer, the unconstitutionality of the act of the legislature authorizing the assessment of the taxes. The court below overruled the demurrer, and judgment was rendered for the plaintiff in the action, from which the defendant prayed a writ of error.

*R. Davis,* for appellant.

The constitution provides, art. 1, § 1, " that all freemen, when they form a social compact, are equal in rights; and that no man, or set of men, are entitled to exclusive, separate public emoluments or privileges from the community, but in consideration of public services." The act of the legislature, by the authority of which this tax was levied, clearly discriminates

between the different owners of lots in the town of Aberdeen. A lot of very inferior value may be made to pay a far higher tax than one of greater value, thereby producing inequality of rights of the most oppressive character. I recognize in the legislature the right to discriminate in the amount of taxes to be imposed upon different articles of property; but it certainly does not possess the power, under this article of the constitution, to say that the property of A. shall pay a higher duty than that of B., of a like character, quality, description, and value. That would be making a distinction, that would operate inequality of rights in violation of this article of the constitution.

Again, this act subjects the same piece of property to a double tax, first the price of fencing the streets opposite to the lot, and then the general tax, for general corporation purposes. This is again making a discriminating difference in favor of one class of the citizens of Aberdeen and their property, against another class equally worthy. It also evidently has the effect of confiscating the property of the citizen to public uses, without compensation, and this the            of the constitution says shall not be done. The price of improving the street in front of the lot may be greater than its actual value. In this case the property would be sold, and the owner, after losing it, would still be compelled to make further payment out of his other property.

*Herbert*, for appellee.

There is no conflict between the first article and first section of the constitution on the one part, and statute on the other, within either the meaning and intention of the framers of the constitution, or the people who ratified it, or the legislature which passed the act. As well might the retailer, in the corporate limits of the town, who has to pay five hundred dollars for his liquor license, say that, because there is another in the country engaged in the same kind of business, who only pays fifty dollars, it is an exclusive privilege to the country retailer, an unequal burden upon him of the town; and that, because he is made to pay the money which he has raised from

his stock in trade, and it is to be expended on the streets, and the public derives some benefit therefrom; that, therefore, it is the application of private property to public uses, &c.; and the whole affair is either in'violation of the first or thirteenth sections of the first article of the constitution. If the objection is worth any thing, it applies, with equal force, to the enforcement of all liens and collections of taxes, when the property has to be sold, or the courts resorted to; and all such enforcements and collections are equally violative of the constitution. This court, it is believed, is scarcely prepared to go such lengths at this time.

Mr. Justice YERGER delivered the opinion of the court.

This suit was commenced to enforce the provisions of the second section of an act, amending the charter of the town of Aberdeen, approved the 23d of February, 1846. That section, among other things, provides: ".That the mayor and aldermen of said town shall have power to make an assessment of taxes upon any lot or lots in said town, to any amount that they may deem proper and necessary for the purpose of making improvements on the street or streets in front of said lot or lots."

It is alleged, that this provision of the statute is in conflict with the first section of article one of the constitution, and is, therefore, void. From the examination we have given to this subject, we are unable to perceive in what particular this act of the legislature violates the constitution.

In the case of *Harrison* v. *The Mayor and Council of Vicksburg*, 3 S. & M. 585, it was held by this court, that "the State has an undoubted power to tax persons and property within its limits; and it may delegate such power to a civil corporation, so far as it may be necessary for the good government of the corporation." See also *Godden* v. *Crump*, 7 Leigh, R. 120. Indeed, the general power existing in the legislature to "delegate a power to municipal corporations, to tax to the extent necessary and proper for the good government of the corporation within its limits, is not denied by the counsel for the plaintiff in error. But it is said, that the act of the legislature

39 *

under consideration, discriminates between the owners of different lots in the town of Aberdeen, by which the owner of one lot in the town may be made to pay a higher tax than the owner of another lot of equal or greater value; that the taxes are, therefore, not equal and uniform, and thus an inequality of burdens is placed upon the different members of the same corporation.

There is nothing in the constitution which declares that all taxes shall be assessed *ad valorem*, or which denies to the legislature the power of levying specific taxes. Nor is there any provision in that instrument declaring that all taxes shall be equal and uniform, although, in our opinion, the taxing power should always be exercised so as to produce as near as possible an equality and uniformity in the burdens imposed upon each member of the community. We are unable to see in what manner the act before us contravenes this principle.

It confers upon the mayor and aldermen the power to assess " taxes upon any lot or lots in said town, to any amount they may deem necessary and proper, for the purpose of making improvements on the streets in front of said lot or lots."

This tax, we conceive, is equal and uniform in every legitimate sense in which those words can be applied to taxes or the taxing power. It is equal, because it imposes upon the owner of every lot the costs and expenses incident to the improvement of the street in front of his lot; and it is uniform, because it applies to the owner of every lot situated upon any street in the town which the mayor and aldermen may direct to be improved. But it is said to be unequal because the costs of improvement are assessed upon the lots situated upon the streets ordered to be improved. We do not think that this mode of assessing the tax is illegal or improper.

As before remarked, there is nothing in the constitution, laws, or policy of this State which requires that taxes shall be assessed *ad valorem* upon every species of property in the State. It is perfectly competent to *designate* and specify the particular class or kind of property on which the tax shall be levied; and when this is done, so long as it exempts no property falling within that designation from the operation of the

tax, no valid objection can be urged against it. Had an *ad valorem* tax upon all the property of all the citizens in the town of Aberdeen been assessed and appropriated to the improvement of the streets in a particular part of the town, the owners of property not situated upon those streets would have had much more reason to complain of the inequality of the tax and its appropriation, than the parties to this suit to complain of the present assessment. Every owner of property situated on a street where the improvements are made derives a peculiar benefit from the improvement made in front of his property, distinct from that which he enjoys in common with the rest of the community; and as the tax applies equally upon all owning property of the description assessed, we see no valid objection against enforcing it.

In the case of *Goddard, Petitioners, &c.*, 16 Pick. R. 504, a decision was made by the supreme court of Massachusetts in a case very analogous to the one before us. The court reached the same conclusion on the point which we have; and the reasons and arguments of the court in that case would remove any doubt, if any had existed, of the correctness of our opinion. We do not find any error in the record, and, therefore, affirm the judgment.