HAYDEN *et al.* vs. CITY OF ATLANTA *et al.*

1. An act of the legislature conferring on a municipal corporation the power to grade, pave and improve its streets and sidewalks, and to assess the real estate abutting on each side of the street improved, in proportion to its frontage, for the payment of one-third of the cost of such improvements, is not in violation of the constitutional requirement that taxes shall be *ad valorem* and uniform. Such assessments are not taxes within the meaning of the constitution.

2. Neither are such assessments an exercise of the right of eminent domain; and an act of the legislature authorizing them is not in conflict with the constitutional provision that private property shall not be taken or damaged for public use except upon just compensation first made.

January 15, 1884.

Municipal Corporations. Streets. Pavements. Constitutional Law. Taxes. Assessments. Before Judge HAMMOND. Fulton Superior Court. October Term, 1883.

In 1881, the charter of the city of Atlanta was amended by an act of the legislature which provided that the mayor and general council might grade, pave, macadamize, and otherwise improve for travel and drainage the streets, lanes and alleys of the city, and construct sidewalks and pave and curb the same, and put down cross-drains and crossings. The act authorized the mayor and council to assess one-third of the cost of these improvements on the real estate abutting on each side of the street improved, the assessment being made in proportion to frontage. It was provided that before such improvements should be made, there should be a written request therefor to the commissioners of streets and sewers from persons owning real estate having at least one-third of the frontage on the street or part of street to be improved. In case of non-payment, executions were to be issued, and be levied by the marshal. It was also provided that affidavits of illegality might be filed thereto as in other cases. The material sections of the act are stated in the decision.

Under this act, the city council passed ordinances providing for the paving of certain streets. A number of property owners on Marietta street refused to pay the assessments demanded of them for the cost of grading and improving that street, with its crossings, sidewalks, etc. Executions were issued against them. They tendered affidavits of illegality to the marshal who refused them, and they thereupon filed their bill to enjoin the executions from proceeding. The principal grounds of illegality alleged were as follows:

(1.) That the act of the legislature allowing these assessments was unconstitutional, because it provided for a tax which was not *ad valorem* and uniform.

(2.) Because the provision that a street should not be

improved except upon the written request to the commissioners of streets and sewers of persons owning real estate having at least one-third of the frontage on the street or portion of street to be improved, was a delegation of legislative authority.

(3), (4). That the debt of the city of Atlanta exceeded seven per centum of the taxable property therein, and that the contract for paving amounted to incurring an indebtedness, which could not be done, under the constitution.

(5). That the issuing of executions for such assessments and the sale of property thereunder amounted to taking private property for public use without due process of law and without compensation therefor being first made.

(6). That the assessment or tax is not uniform on the same class of subjects.

Defendants answered the bill, taking issue with the complainants on the propositions stated above, and denying that the city was incurring any debt in making contracts for the paving of the streets, inasmuch as it first provided the means of payment for such works.

The chancellor refused the injunction, and complainants excepted.

BROYLES & JOHNSTON; FRANK A. ARNOLD; MYNATT & HOWELL, for plaintiffs in error, cited Const., Art. 7; 67 *Ga.*, 299; 34 Ill., 203; 9 Heisk., 349; 24 Am. R., 308; 40 Ill., 211; 94 Ill., 604; 12 Rich., 702; 45 Ala., 310; 32 Ark., 31; 41 *Ga.*, 21; 47 *Id.*, 562; 8 Neb., 124; 4 Coms., 419; 5 Ohio, 243; 2 Oregon, 152–3, 165–7; 28 Cal., 162–3; 25 Miss., 458–462; 4 R. I., 230, 240; 2 Kansas, 485; 12 Allen, 223, 500; 9 Vroom, 190; 96 U. S. R., 97; 74 N. Y., 183; 30 Am. R., 289; 35 Mich., 194; 24 Am. R., 541; 38 N. J., 190; 65 Penn., 146; 2 Dill. Mun. Corp., §§800, 968–9; Cooley Const. Lim., §156, note; 7 Nev., 68; 7 Kansas, 592; 65 Pa., 146; 2 Dill., 746 *et seq.;* 67 *Ga.*, 293; 64 *Id.*, 286; 1 Dill., 136; 84 Ill., 282; 89 *Id.*, 282; 87 *Id.*, 385; Cooley on Taxation, 456, 147–8, note; Code of At-

lanta, §§62, 647–8; Code of *Ga.*, §1670; 63 *Ga.*, 194; 8 *Id.*, 23; 60 *Id.*, 404; 1 Dill. Mun. Corp.,§21; 2 *Id.*, 763; 10 Bush., 182; 20 Minn., 511; 19 Wall., 660.

W. T. NEWMAN; E. A. ANGIER, for defendants, cited 11 *Ga.*, 294; 28 *Id.*, 613; 61 *Id.*, 200; 19 Viner's Abr., p. 410; 7 Comyn's Dig., t. p. 338; 12 Rich. (S. C.), 733; 3 Bac. Abr., (G.) p. 59, sec. 45; 4 Comst. (N. Y.), 438 and cases cited; 4 Jones Eq., (N. C.), cited in 1 Dill. Mun. Corp., (3d Ed.), p. 17, note (2); Cooley on Taxation, 1; 42 *Ga.*, 598; Acts 1880–1, p. 358; Code of Atlanta, 1883, §162 *et seq.*; 57 Ala., 6; 12 Cal., 76; 28 *Id.*, 345; 29 *Id.*, 75; 123; 31 *Id.*, 240; 40 *Id.*, 497; 51 *Id.*, 15; 12 Ill., 406; 26 *Id.*, 357; 94 *Id.*, 604; 26 Ind., 119; 27 *Id.*, 223; 29 *Id.*, 329; 14 *Id.*, 199; 31 Iowa, 31; 2 Kansas, 485; 11 Bush., 527; 7 *Id.*, 667; 4 La. An., 7, 4; 5 *Id.*, 112, 362–3, 504; 7 *Id.*, 72, 77; 10 *Id.*, 57; 11 *Id.*, 220, 338, 387; 20 *Id.*, 497; 70 Me., 516, 522; 48 Md., 265; 12 Allen, 500, 23; 2 Mich., 560; 8 *Id.*, 274; 18 *Id.*, 495; 47 Miss., 713, 367; 25 *Id.*, 458; 27 *Id.*, 209; 38 *Id.*, 652; 25 Mo., 593; 30 *Id.*, 437; 31 *Id.*, 345; 44 *Id.*, 458; 49 *Id.*, 552; 50 *Id.*, 529; 53 *Id.*, 44; 4 Neb., 336; 8 *Id.*, 124; 18 N. J., Eq., 519; 41 N. J. L., 83; 3 Wend., 263; 11 Johns., 77; 15 Wend., 376; 24 *Id.*, 65; 67 N. Y., 533; 84 *Id.*, 108; 4 Coms., 419; 1 Ohio St. (N. S.),126; 5 Ohio, 243, 250, 520; 8 *Id.*, 333; 9 *Id.*, 540; 10 *Id.*, 160; 36 *Id.*, 164; 2 Oregon, 146; 3 Watts, 292; 7 Harris, 258; 9 *Id.*, 147; 13 Pa. St., 107; 25 *Id.*, 128; 61 *Id.*, 255; 69 *Id.*, 352; 73 *Id.*, 404; 83 *Id.*, 156; 4 R. I., 240; 1 Swan, 177; 6 Humph., 371; 51 Tex., 302; 42 *Id.*, 626; 45 *Id.*, 271; 44 Vt., 174; 26 Grat., 224; 31 *Id.*, 571; 14 Wall., 676; Cooley on Taxation, 416, 473; Burroughs on Taxation, §§145–51; Cooley Const. Lim., 619–39; Dill. Mun. Corp., §§735–832; Hilliard on Taxation, p. 364, 27; Code, §4683, 786; 60 *Ga.*, 100; 64 *Id.*, 133; 67 *Id.*, 386; 11 Johns., 77; 7 Md., 517; 31 Pa., 69; 26 Mo., 468; 38 Miss., 675; 67 *Ga.*, 106; 95 U. S., 37; 96 *Id.*, 97, 107; 18 How., 272; Dill. Mun. Corp., (3d Ed.) §754; 104 U. S., 78; 5 *Ga.*, 194; 4 Coms., 419;

44 Vt., 175; 31 Iowa, 31; 94 Ill., 604; 49 Mo., 552; 50 *Id.*, 525; Dill. Mun. Corp. (3d Ed.), §752; 30 Mich., 24; 38 Pa. St., 503; Cooley Const. Lim., 637; 19 Viner's Abr., t. p. 338; 23 *Ga.*, 402; Code of Atlanta, 1883, §§163–5; Cooley on Taxation, p. 398; 2 Dill. Mun. Corp. (3d Ed.), §798; 6 Humph. (Tenn.), 368; 1 Swan, 177; 31 Grat. (Va.), 576 and authorities cited; 16 Pick., 514, 509; 25 Mo., 596; Dillon Mun. Corp., § 761, par. 6; 5 Ohio, 244; 4 R. I., 240; 54 *Ga.*, 663; 9 *Ga.*, 253; 44 *Id.*, 649; 68 *Id.*, 686; 16 *Id.*, 102; 39 N. H., 304; 11 La. Ann., 338; 42 *Ga.*, 596; 68 *Id.*, 686; Code, §5081; Cooley's Const. Lim., 631–2; 12 Cal., 84; Cooley on Taxation, p. 451; Cooley Const. Lim., 507; Dill. Mun. Corp. (3d Ed.), §752; 94 Ill., 604; 44 Vt., 174; 7 Exch,, 768–77; 18 Mich., 495; 10 Ohio, 156; 18 Mich., 496; 45 How. Pr. (N. Y.), 289; 34 Ind., 36; 86 N. C., 8, 552.

BLANDFORD, Justice

The question in this case is as to the constitutionality of an act to amend the charter of the city of Atlanta approved September 3, 1881.

The first section of the act authorizes the mayor and general council of the city of Atlanta " to grade, pave, macadamize and otherwise improve, for travel and drainage, the streets and public lanes and alleys of said city, and to construct sidewalks and pave the same, put down curbing, cross-drains, crossings, and otherwise improve the same."

Section 2d provides " That in order to fully carry into effect the authority above delegated, the mayor and general council shall have full power and authority to assess the cost of paving and otherwise improving the sidewalks, including all necessary curbing for the same, on the real estate abutting on the street, and on the side of the street on which the sidewalk is so improved."

Section third authorizes the mayor and general council " to assess one-third of the cost of grading, paving, macad-

amizing, constructing side-drains, cross-drains, crossings, and otherwise improving the roadway or street proper, on the real estate abutting on each side of the street improved, provided that before any street or portion of a street shall be so improved, the persons owning real estate which has at least one-third of the fronting on the street or portion of the street, the improvements of which is desired, shall in writing request the commissioners of streets and sewers to make such improvements," etc.

Section fourth, among other things, provides that assessments for the costs of such improvements shall be pro rated on the real estate according to its frontage on the street so improved.

Section fifth provides that the assessment on each piece of real estate shall be a lien on the same from the date of the ordinance providing for the work and making the assessment.

Section sixth provides for the collection of the assessment by execution and sale of the property assessed, the defendant having the right to contest the same by illegality, which is to be returned to and tried by the superior court of Fulton county.

The plaintiffs in error insist that the foregoing act violates paragraph 1, section 2, article 7 of the constitution of this state, in which it is provided that " All taxation shall be uniform upon the same class of subjects, and *ad valorem* on all property subject to be taxed within the territorial limits of the authority levying the tax * * * " (Code, §5181), and is therefore null and void.

Again plaintiffs insist that, if the assessments provided for in the act of September 3, 1881, are not by virtue of the taxing power, it is the taking of private property for public use without just compensation, and the act is void on this account.

Taxes are different from assessments for local improvements, taxes being burdens upon all persons and property alike, and compensated for by equal protection to all,

while assessments are not burdens but equivalents, and are laid for local purposes upon local objects, and are compensated for to some extent in local benefits and improvements, enhancing the value of the property assessed. Taxes are imposed on the person, assessments are imposed on the property. This is the rule as recognized in most of the states of this Union, as will be seen by the following cases:   4 Comstock, (N. Y.), 438; 12 Cal., 76; 28 *Id.*, 345; 12 Ill., 406; 26 Ill., 357; 94 Ill., 604; 26 Ind., 119; 27 Id., 223; 29 Id., 329; 14 Id., 199; 2 Kansas, 485; 7 Bush, 667; 10 La Ann., 57; 11 *Id.*, 220, 338, 387; 20 *Id.*, 497; 70 Maine, 516; 48 Md., 265; 2 Mich., 560; 8 *Id.*, 274; 18 *Id.*, 495; 12 Allen, 500; 47 Miss., 713, 367; 25 Miss., 458; 25 Mo., 593; 31 *Id.*, 345; 50 *Id.*, 529; 53 *Id.*, 44; 4 Neb., 336; 8 Id., 124; 18 N. J. Eq., 519; 41 N. J. L., 83; 67 N. Y., 533; 84 *Id.*, 108; 11 Johns., 77; 15 Wend., 376; 1 Ohio St., 126; 5 Ohio, 243; 8 *Id.*, 333; 36 *Id.*, 164; 2 Oregon, 146; 13 Penn. St., 107; 69 *Id.*, 255; 4 R. I., 240; 6 Humph., 371; 51 Tex., 302; 26 Grat., 224; 86 North Carolina, 8, 552.

Hence it follows that the power conferred by the legislature on the city of Atlanta by the act of 1881, to assess the property abutting on streets to be improved, for such improvements, is not the exercise of the taxing power by that city so as to require the same to be uniform and *ad valorem*, as required by the constitution of this state.

The assessments authorized by the act in question is not the taking of private property for public use without just compensation. Every person in this state owes a duty to the public to work the public roads and highways, and it is in the power of the legislature, representing the public, to compel a performance of this duty, and it may confer upon municipal corporations this power; it is also competent to authorize these corporations to have the work done on the public streets and thoroughfares of the various municipalities of this state in such manner, by pavements, crossings, drains, and curbings, as may be

necessary, and to compel the owners of real estate front-
ing thereon to pay the costs and expenses of such improve-
ments.   There is nothing in the constitution of this state
or of the United States to prevent this being done.   I
can see no reason why the legislature may not force every
person to work on the public roads and highways, and
perform such service in proportion to the land that such
person may own lying on such roads.   If this power ex-
ists under the constitution of this state, why cannot the
state make the improvements itself, and assess the land-
owners to pay for the same?   This is but the exaction of
a duty the person owes the public; and in the case before
us the power conferred by the legislature on the city of
Atlanta, and the exercise of that power by the city to
make these improvements and to assess and collect the
cost of the same from the property owner, is the exercise
of governmental powers by a municipality which is a part
of the state government; it is, under the circumstances, the
same as if done by the state itself.   Again, it is a part of
the police power of the state conferred on this city.   To
have sewers is to provide for the health of the people of
the city ; to have well paved streets and sidewalks is to
afford reasonable accommodation to the public ; also, the
means for fire engines to reach the scene of conflagration;
all these things are for the public benefit.   The blessings
conferred by these improvements are shared by the own-
ers of the property assessed in a greater degree than the
general public, but whether this was so or not, the power
resides in the state, and the legislature may by law confer
upon municipal corporations the right to make these im-
provements and to assess the property fronting on the
streets thus improved for the cost of the same.

The taxing power is limited or circumscribed in this,
that taxes must be uniform and *ad valorem* as prescribed
in the constitution.

The exercise of the right of eminent domain is also
limited, in that private property can only be taken for
public use upon just compensation being made.

But the power to have worked, opened, repaired and improved the public highways, streets and roads, may be exercised by the legislature in such manner and way, and under such circumstances as may be deemed best. There is no limitation imposed by the constitution upon this power; it rests upon the sound discretion of the legislature. *Salus populi suprema lex.*

The act of 1881 is constitutional and valid, and the chancellor did right to refuse the injunction prayed for by each and all of the plaintiffs in error.

Judgment affirmed.