## POWELL v. WAITS.

1. "Equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of this writ necessary and proper, among which shall be the avoidance of circuity and multiplicity of actions."
2. As a general rule, a court of equity will take no part in the administration of the criminal law.

No. 314. FEBRUARY 13, 1918.

Equitable petition. Before Judge Pendleton. Fulton superior court. April 11, 1917.

W. E. Waits brought his petition against G. B. Powell, A. E. Calhoun, and Lowry Arnold, in which he sought injunctive and other equitable relief. He alleged, in substance, that he had, with the consent of certain trustees of a church, built a house for camping purpose upon a part of the land belonging to the trustees as such; and that at certain times of the year a camp-meeting was held upon other parts of this property owned by the church. During the camp-meeting held at said place in the year 1915 the defendant, G. B. Powell, occupied said house and tent over the protest of petitioner. Camp-meeting was held there by the church in the year 1916 for a week in August, and just prior to this latter period petitioner learned that Powell intended to again occupy the tent house during camp-meeting, and informed Powell that he (petitioner) intended to use it. Powell claimed to own the house and said he would occupy it. To prevent this, and in order that

he might use the building, petitioner locked it up. Whereupon Powell instituted criminal proceedings against petitioner for the offense of trespass, in the criminal court of Atlanta, of which Hon. A. E. Calhoun is judge and Lowry Arnold is solicitor. The criminal case is still pending against petitioner. He seeks injunction against Powell and against the judge and solicitor of the criminal court, to prevent the further prosecution of the criminal case, and to enjoin Powell from interfering with the possession of the tent house. The defendants demurred generally to the petition, and the demurrer was overruled. To this judgment Powell excepted.

*Walter A. Sims,* for plaintiff in error.

*Holbrook & Corbett* and *Carl B. Copeland,* contra.

BECK, J. (After stating the foregoing facts.)

1. The plaintiff's petition showed no cause for the grant of equitable relief and injunction. As a general rule, equity will not interfere by injunction to restrain a trespass, unless the injury be irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the interposition of the writ necessary and proper, among which circumstances are to be considered the avoidance of circuity and multiplicity of actions. Civil Code, § 5493. "A person in possession under color of title, or in the actual possession of premises, though he be not the owner of the strict legal title, if his possession be in good faith, might be, under certain circumstances, entitled to maintain a petition for injunction against a bare trespasser who was himself insolvent, and who could not answer in damages for his wrongful act in interfering with a person holding such possession." *Flannery* v. *Hightower,* 97 *Ga.* 592 (25 S. E. 371). The plaintiff is not actually in possession of the premises; in fact, his actual possession is only for a short time each year; there is nothing to indicate that the damages would be irreparable; nor is it alleged that the defendant, Powell, is insolvent. Further, it does not appear that the plaintiff is without adequate remedy at law. If Powell should actually take possession of the premises, summary proceedings would lie to evict, if the plaintiff is entitled to possession of the house.

2. It is clear that the plaintiff was not entitled to injunction against the prosecution of the criminal case. Civil Code, § 5491.

*Judgment reversed. All the Justices concur.*