CITY OF EATONTON *v.* PECK.

No. 17405.   March 12, 1951.

D. D. Veal, for plaintiff in error.

Whitman & Whitman, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The petitioner sought to have the ordinance declared void, and the prosecutions enjoined. By an amendment to the charter of the City of Eatonton (Ga. L. 1943, p. 1406), disputed tax executions may be contested by affidavit of illegality. This adequate and complete remedy at law to contest the validity of the ordinance being available, the intervention of equity would not be authorized. Code, § 37-120; *City of Atlanta v. Jacobs,* 125 *Ga.* 523 (54 S. E. 534) ; *Social Circle Cotton Mill Co. v. City of Social Circle,* 163 *Ga.* 465 (136 S. E. 432) ; *Scott v. Mayor &c. of Mount Airy,* 186 *Ga.* 652 (198 S. E. 693).

■ As to enjoining the city from arresting petitioner, the petition alleges that two cases have been made against him and he has been notified that others will be made. This is no ground for equitable jurisdiction. Code, § 55-102; *City of Atlanta v. Universal Film Exchanges,* 201 *Ga.* 463 (1) (139 S. E. 2d, 882), and citations; *City of Brunswick v. Anderson,* 204 *Ga.* 515 (3), (50 S. E. 2d, 337), and citations. The allegations here are not within the requirements to meet the rule for granting an injunction to enjoin a criminal prosecution that illegally threatens irreparable injury or destruction to property, as in *Great Atlantic & Pacific Tea Co. v. City of Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320) ; *City of Albany v. Lippitt,* 191 *Ga.* 756 (13 S. E. 2d, 807) ; *Chandler v. City of Tifton,* 206 *Ga.* 43, (4) (55 S. E. 2d, 568), and similar cases.

■ The bill of exceptions recites that the City of Eatonton joined in requesting "that the court assume equitable jurisdiction of all justiciable questions involved, and make a final determination of the validity of the municipal ordinance," and it is insisted that this would authorize the grant of equitable relief. In determining whether the trial court erred in ruling on a gen-

eral demurrer to an amended petition, this court cannot look beyond the petition. *Constitution Publishing Co.* v. *Stegall*, 97 *Ga.* 405 (24 S. E. 33); *Augusta & Savannah R. Co.* v. *Lark*, 97 *Ga.* 800, (25 S. E. 175). And where a court of equity has no jurisdiction, it will not assume it to inquire into the constitutionality of a legislative act or municipal ordinance. *City of Douglas* v. *South Georgia Grocery Co.*, 178 *Ga.* 657 (5), (174 S. E. 127); *City of Atlanta* v. *Universal Film Exchanges*, 201 *Ga.* 463 (2) (supra); *City of Brunswick* v. *Anderson*, 204 *Ga.* 515 (4) (supra).

Accordingly, the trial court erred in overruling the general demurrer to the petition. All further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*