19032.   STATE OF GEORGIA *et al.* *v.* GEORGIA RURAL
ROADS AUTHORITY.

Argued July 12, 1955—Decided September 12, 1955.

810

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General,* for plaintiffs in error.

*Peter Zack Geer, B. D. Murphy,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) 1. The Georgia Rural Roads Authority Act and the State Bridge Building Authority Act are practically the same, except that the former deals with rural roads and the latter with bridges. Every attack made upon the constitutionality and validity of the present act, and of the actions taken and to be taken thereunder, with the exceptions hereinafter noted, have been made in the attacks upon similar provisions of the State School Building Authority Act, the State Bridge Building Authority Act, or the State Toll Bridge Authority Act, and have been exhaustively dealt with and ruled upon adversely to the contentions of the plaintiffs in error in the decisions of this court in *Sheffield* v. *State School Building Authority,* 208 *Ga.* 575 (68 S. E. 2d 590), *McLucas* v. *State Bridge Building Authority,* 210 *Ga.* 1 (77 S. E. 2d 531), and *State of Georgia* v. *State Toll Bridge Authority,* 210 *Ga.* 690 (82 S. E. 2d 626). As stated by Mr. Justice Candler, in the *McLucas* case (210 *Ga.* 1, 6), the ground has been thoroughly plowed in those cases, and need not be gone over again. The rulings there made are controlling on every question presented here, except those hereinafter specifically dealt with.

2. The contention is made in subparagraph 3b of paragraph 12 of the petition that the act, the lease contract, and the obligations imposed upon and assumed by the counties thereunder to maintain and keep said roads in repair are violative of article 7, section 7, paragraph 1, and of article 7, section 7, paragraph 3, of the Constitution of 1945 (Code, Ann., §§ 2-6001 and 2-6003), relating to the creation of debts by counties. Section 2-6001 imposes a limitation upon the bonded indebtedness of the county, and § 2-6003 imposes a limitation upon any additional indebtedness. Both provide how such indebtedness may be incurred. The basis for the contention that the act and the leases to be executed thereunder violate these provisions of the Constitution is that they require the counties to maintain roads built by the Authority. Section 10d of the act provides "that as to any project which is not a part of the State Aid System of Highways, the duty of maintenance and repair shall rest upon the county in which all

or any portion of the project is situated, as in the case of other public roads of the county." This act is providing only for the construction of rural roads, and a rural road is defined as "Any continuous stretch of public way, road, thoroughfare, street or right of way, not now or as of the particular time of inquiry in the future designated as part of the State highway system in the manner provided by law and not located wholly within the boundaries of any incorporated municipality." Under the terms of the act each project leased by the Authority to the State and to the State Highway Department, will, upon the completion of its construction, "be a part of the system of public roads of the State and of the county or counties wherein the project is located." Such a project will not be a part of the State highway system unless it is designated as such in the way and manner provided by law. The purpose of the act is to construct rural roads, and not to enlarge or add to the State highway system.

While, under section 10d of the act, the county in which the project is situated is to maintain and repair the rural roads, this is not the imposition of any additional burden upon the county, but is exactly the same obligation as that resting upon the county with respect to other public roads in the county, and arises under the statutes relating to public roads. See Code Chapter 95-8. Under article 7, section 4, paragraph 1, of the Constitution (Code, Ann., § 2-5701), the General Assembly has power to delegate to the county the right to levy a tax "To build and maintain a system of county roads." The act of 1946 (Code, Ann. Supp., § 92-3701) provides that county taxes may be levied to "build and maintain a system of county roads." The Rural Roads Authority Act imposes no additional burden upon the county; the duties to maintain roads constructed under the act, but not a part of the State highway system, do not create a debt such as is prohibited by the constitutional provisions above referred to. The power of the General Assembly to legislate concerning maintenance of roads by a county is a part of the general legislative power conferred upon the General Assembly by the Constitution. "The whole subject is under the control of the State in its sovereign capacity, and this power is to be exercised through its legislature." *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550 (115 S. E. 107). See also *Spain* v. *Hall County*, 175 *Ga.* 600, 602

(165 S. E. 912). The contention that the act is violative of the two constitutional provisions dealing with the creation of debts by the counties is without merit.

3. The only other question presented by the present record which is not directly dealt with in the previous decisions of this court hereinbefore cited is that the Rural Roads Authority Act provides that the State itself is authorized to become a party to the rental contracts, and that "The rentals contracted to be paid by the lessees to the Authority under leases entered upon pursuant to this Act shall constitute obligations of the State, for the payment of which the good faith of the State is hereby pledged." That the undertaking of the State in this particular is authorized by article 7, section 6, paragraph 1a, of the Constitution of 1945 (Code, Ann., § 2-5901), is clear from the provision itself. It provides in express terms that the State may contract with any public corporation or authority for the use of facilities which such an authority is authorized to construct, the only limitation being that the contract must deal with such activities and transactions as the State is authorized by law to undertake.

It will be borne in mind that this provision of the Constitution first appeared by the act of 1941 (Ga. L. 1941, p. 50) as an amendment to article 7, section 6, paragraph 3, of the Constitution of 1877. As thus adopted this section provided that "any city, town, municipality or county of this State . . . may contract. . ." When the Constitution of 1945 was adopted, this language was changed by adding the words, "the State, State institutions," so that the section was made to read as is now set forth in the Constitution of 1945. That the purpose of the framers of the Constitution of 1945 was to enlarge the amendment of 1941, so as to extend to the State and State institutions the same privileges which had been granted to the specified political subdivisions of the State, is plain and clear; and under the ruling in the *McLucas* case, supra, the State is authorized to enter into such contracts as are provided for under the terms of this act, since it is authorized by article 7, section 2, paragraph 1, of the Constitution (Code, Ann., § 2-5501), "To construct and maintain . . . a system of State highways." In *Hayden* v. *City of Atlanta*, 70 *Ga.* 817, 825, it is said: "But the power to have worked, opened, repaired and improved the public highways, streets and

roads, may be exercised by the legislature in such manner and way, and under such circumstances as may be deemed best. There is no limitation imposed by the Constitution upon this power; it rests upon the sound discretion of the legislature." See also *Lee County* v. *Mayor &c. of Smithville,* 154 *Ga.* 550, supra.

Under the authorities hereinbefore cited as applied to the act here under consideration, the judgment of the trial court in favor of the defendant, declaring the Georgia Rural Roads Authority Act, and all actions taken and to be taken thereunder, to be constitutional and valid in all respects as against the attacks made thereon in the plaintiffs' petition, and in denying the prayer for injunctive relief, is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur. Wyatt, P. J., concurs specially.*

WYATT, Presiding Justice, concurring specially. I agree to this opinion for the sole reason that I am bound by former full-bench decisions of this court.