19165.   STATE OF GEORGIA *v.* BLASINGAME *et al.*

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956—
REHEARING FEBRUARY 16, 1956.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General,* for plaintiff in error.

*E. Way Highsmith, Hugh E. Wright, Moise, Post & Gardner, Highsmith & Highsmith, J. H. Highsmith,* for parties at interest, not parties to record.

*Moore, Gibson, DeLoache & Gardner, Powell, Goldstein, Frazer & Murphy, Geo. A. Horkan, Jr., Waldo DeLoache, B. D. Murphy,* contra.

*Gowan, Conyers, Fendig & Dickey,* for parties at interest, not parties to record.

DUCKWORTH, Chief Justice. Both the 1951 act (Ga. L. 1951, p. 149) as amended (Ga. L. 1952, p. 397), authorizing the State Highway Department to contract with The Ocean Highway and Port Authority, a Florida Authority, for the construction and operation of a toll road, and the contract executed May 16, 1955, in pursuance of that act, offend the Constitution (Code, Ann., § 2-5601) and are void unless authorized by the Constitution (Code, Ann., § 2-5901). *Barwick* v. *Roberts,* 188 *Ga.* 655 (4 S. E. 2d 664); *Barwick* v. *Roberts,* 192 *Ga.* 783 (16 S. E. 2d 867); *McLucas* v. *State Bridge Building Authority,* 210 *Ga.* 1 (77 S. E. 2d 531).

The Constitution (Code, Ann., § 2-5901) opened the door to a wide range of public debts. Acting under the authority there given, the General Assembly has created numerous public authorities and invested them with power to perform public functions under contracts with the State or its subdivisions and agencies. A proper construction of this clause of the Constitution requires

that the courts be ever mindful of the fact that the activities and services thereby authorized are essentially governmental. This is especially important in reaching a sound decision in the instant case, for the reason that, unlike all previous cases under the foregoing clause of the Constitution, the public services provided for under the act and the contract executed pursuant thereto—both of which are challenged in this action—are to be performed by a public authority of the State of Florida.

Beginning with *Williamson* v. *Housing Authority &c. of Augusta,* 186 *Ga.* 673 (199 S. E. 43), which was rendered by this court before any present Justice was a member, and followed by numerous decisions, including *Sheffield* v. *State School Bldg. Authority,* 208 *Ga.* 575 (68 S. E. 2d 590) ; *McLucas* v. *State Bridge Bldg. Authority,* supra; *State of Georgia* v. *State Toll Bridge Authority,* 210 *Ga.* 690 (82 S. E. 2d 626) ; and *State of Georgia* v. *Georgia Rural Roads Authority,* 211 *Ga.* 808 (89 S. E. 2d 204), this court has sustained legislative enactments creating public authorities and empowering those authorities to perform public services under contracts with the State or its subdivisions or agencies enumerated in the above-cited clause of the Constitution. In some if not all of those decisions, this court upheld the acts of the legislature which invested the public authority with the right to exercise the power of eminent domain and exempted its property and evidences of debt from taxation. With the exception that the present case involves a legislative authorization of a contract and such a contract thereunder for services with the public authority of another State, which is by the act empowered to engage in the operation of service stations, eating places and other business enterprises, the instant case is in all material respects identical with those relating to roads and bridges heretofore decided by this court. We pause here to state that in many respects it would seem that the place where the public authority was created or its creator would be secondary to the services it is empowered to render; also that the toll road here sought to be established is sorely needed in the area where it was to be located; and that, if it was established, it would serve a most useful purpose; and we are mindful that for us the easiest course would be merely to cite previous decisions of this court and allow the present case to be controlled thereby. But we stand face to face with

the necessity of performing a most difficult duty and judicially determining at this point if the clause of the Constitution here involved is constitutional authority for the legislature to authorize contracts with foreign corporations or authorities by the State or its subdivisions for the performance of services within this State that are essentially governmental. We find no decision of this court directly in point, but we believe that the decision in *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.*, 119 *Ga.* 354 (46 S. E. 422, 100 Am. St. R. 174), is a clear indication of the proper construction of the relevant portion of the constitutional clause here under consideration. The Constitution says, "any public agency, public corporation or authority now or hereafter created." Taken literally, the quoted words "public authority" would include all public authorities of every State and every nation, including those nations having a communistic government. It would be difficult to conceive of a deliberate intention upon the part of the people of Georgia to authorize by the Constitution contracts by the State and its subdivisions with agencies or authorities of a communistic country for the performance by such communistic agencies of governmental functions within the State of Georgia. In the *Chestatee Pyrites Co.* case, supra, this court was construing Code sections wherein the power of eminent domain was conferred upon any corporation, and it was there held that, although the general term "any" was employed, it would be given a restricted construction that would exclude corporations of foreign States and countries. It was pointed out that eminent domain was an element of sovereignty, and that sovereign powers when conferred by law would be strictly construed and held to embrace foreign corporations only when such intention was plainly manifested. Similar language might appropriately be employed here with reference to the constitutional clause under consideration, since it contemplates the performance within this State of services that are essentially governmental and therefore constitutes the exercise of the powers of the sovereign. To the same effect see *Botts* v. *Southeastern Pipe-line Co.*, 190 *Ga.* 689 (10 S. E. 2d 375); *Howard* v. *City of Atlanta*, 190 *Ga.* 730 (10 S. E. 2d 190).

We therefore hold that the foregoing clause of the Constitution (Code, Ann., § 2-5901) has reference only to corporations and

authorities created by the State of Georgia, and does not include any public authorities created by another State or country. Therefore, the act and contract here involved, seeking but failing to bring a public authority of the State of Florida within the meaning of the constitutional clause (Code, Ann., § 2-5901), are both violative of the Constitution (Code, Ann., § 2-5601) and are unconstitutional and void. It follows that the court erred in rendering the judgment excepted to here.

*Judgment reversed. All the Justices concur.*