20387.  ELLIS *v.* CITY OF ATLANTA.

HAWKINS, Justice.  R. P. Ellis filed a petition for injunction against the City of Atlanta, in which he alleges that, on or about May 25, 1958, he received a notice from the defendant, a copy being attached to the petition as an exhibit, which recites: "You are hereby notified that the sidewalk in front of your property, 916 DeKalb Ave., at alley, and 38 Waverly Way, N. E., is out of repair, and same will be repaired by the Construction Department of the City of Atlanta, in accordance with applicable ordinances of the City of Atlanta, and you will be billed for the cost of same.  Remarks: City will concrete sidewalk on DeKalb Avenue side and Waverly Way side (tile broke up) and at alley.  56′ x 140′." He further alleges that, on or about July 1, 1958, he passed said property to see if repairs had been effected in accordance with the notice, when he discovered for the first time that all of the concrete tile sidewalk at his property had been removed, and that said sidewalk had been completely repaved, including grass plots 53 inches wide on DeKalb Avenue and 41 inches wide on Waverly Way.  He contends that the city had no right or authority to pave the grass plots, by reason of certain ordinances, which he sets out, one of which only authorizes the city to pave grass plots of a width of fifteen inches or less, between the sidewalk and the curb line, when a sidewalk is condemned and ordered repaved.  He alleges that the sidewalks only needed repairing in "several small areas." He seeks to enjoin the issuance of fi. fas., and any effort on the part of the city to collect assessments for paving the sidewalks, over and above the sum of $186.52, which amount he has already paid, and to require the city to accept this sum in full payment, and to permanently enjoin the city from

attempting to collect other assessments· in the amounts of $748.26, $130.79, and $299.30 less the aforementioned payment of $186.52. The exception is to the judgment of the trial court sustaining general demurrers and dismissing the petition. *Held:*

1. The charter of the City of Atlanta (Ga. L. 1880-81, p. 358) provides: "That the Mayor and General Council . . . shall have full power and authority, in their discretion, . . . to construct sidewalks and pave the same, . . . and otherwise improve the same. . . That in order to fully carry into effect the authority above delegated, said Mayor and General Council shall have full power and authority to assess the cost of paving and otherwise improving the sidewalks, including all necessary curbing for the same, on the real estate abutting on the street, and on the side of the street on which the sidewalk is so improved. . . The Mayor and General Council of said city shall have authority to enforce the collection of the amount of any assessment so made for work, either upon streets or sidewalks, by executions to be issued by the Clerk of Council against the real estate so assessed, and against the owner thereof. . .; *Provided,* that the defendant shall have the right to file an affidavit denying the whole or any part of the amount for which the execution issued is due, and stating what amount he admits to be due, which amount, so admitted to be due, shall be paid or collected before the affidavit is received, and the affidavit received for the balance, and all such affidavits so received, shall be returned to the Superior Court of Fulton County, and there tried and the issue determined as in cases of illegality." Since the charter authorizes the acts here complained of to be contested by affidavit of illegality, as was said in *Speer* v. *Mayor &c. of Athens,* 85 *Ga.* 49 (3) (11 S. E. 802, 9 L.R.A. 402), "At such hearing he [the plaintiff] may show fraud or mistake, error or excess in the amount of the execution, want of statutory authority to support the assessment, or failure to comply with the provisions of the statute and the ordinances in pursuance thereof." Therefore, "This adequate and complete remedy at law to contest the validity of the ordinance being available, the intervention of equity would not be authorized." *City of Eatonton* v. *Peck,* 207 *Ga.* 705, 706 (64 S. E. 2d 61). See also *Hayden* v. *City of Atlanta,* 70 *Ga.* 817; *Lockridge-Rogers Lumber Co.* v. *City of East Point,* 214 *Ga.* 255 (104 S. E. 2d

228), and Code § 37-120, which provides: "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law."

2. Accordingly, the trial court did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1959—DECIDED APRIL 9, 1959.

*Smith, Swift, Currie & McGhee,* for plaintiff in error.

*J. C. Savage, Robert S. Wiggins,* contra.

