21945. DAY v. KELLEY, Solicitor.

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963.

*J. L. Jordan,* for plaintiff in error.

*John I. Kelley, Solicitor, Frank A. Bowers,* contra.

HEAD, Presiding Justice. The petition in the present case does not comply with the applicable rules of pleading. "All suits in the superior courts for legal or equitable relief or both shall be by petition addressed to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth the cause of action, legal or equitable or both, the names of the persons against whom process is prayed, and the demand for legal or equitable relief or remedy or both." *Code* § 81-101. In the first instance, the petition is not headed as to State or County. It is not addressed to any court. There is no prayer for process. The petitioner prays "that the court issue an order requiring the defendant to show cause on a date certain, . . . why the defendant should not be compelled to grant petitioner the privilege of waiver of a grand jury indictment"; that "in the alternative defendant be required to transfer the said case to the Solicitor of the Criminal Division of Fulton County"; and "that the provisions of Title 3, Section [sic] which does not provide for the privilege of waiver be declared unconstitutional as alleged." There is a general prayer that the petitioner have such other relief as in equity may appear just and proper.

If we may properly conclude that the petition is one seeking equitable relief in the Superior Court of Fulton County, which court, as shown by orders appearing in the record, took jurisdiction of the petition, then, and in that event, the petitioner could not prevail, since it is the rule in this State that: "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." *Code* § 55-102. See *Powell v. Waits,* 147 Ga. 619 (2) (95 SE 214); *Mayor &c. of Athens v. Co-op Cab Co.,* 207 Ga. 505 (62 SE2d 906).

In so far as the petition seeks an order to compel the Solicitor of the Criminal Court of Fulton County to transfer the case,

it fails to state a cause for either legal or equitable relief. The powers and duties of all public officers are fixed by law. *Code* § 89-903. Under the acts creating the Criminal Court of Fulton County (Ga. L. 1890-1891, Vol. 2, p. 935; Ga. L. 1935, p. 498) there is no authority vested in the Solicitor of the Criminal Court of Fulton County to transfer any case to any court, and he can not be compelled to perform an act which is not authorized by law.

Where a court of equity does not have jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the constitutionality of a legislative act. *City of Douglas v. South Georgia Grocery Co.*, 178 Ga. 657 (174 SE 127); *City of Eatonton v. Peck*, 207 Ga. 705, 707 (64 SE2d 61). If the petitioner wants to attack the validity of the acts creating the Criminal Court of Fulton County (Ga. L. 1890-1891, Vol. 2, p. 935; Ga. L. 1935, p. 498) in any particular, or the jurisdiction of the court in any manner, the place to make such attack is in that court.

The general demurrers of the defendant solicitor were properly sustained.

*Judgment affirmed. All the Justices concur.*