[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15656
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00250-HLM


CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY,
d.b.a. Erlanger Health System,

Plaintiff - Appellee,

versus

WALKER COUNTY, GEORGIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 13, 2017)


Before TJOFLAT, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Erlanger Health System sued Walker County for breach of contract, and the district court granted summary judgment to Erlanger on the claim. Walker County appeals that ruling. After careful consideration of the record and the parties' briefs, we affirm.[1]

I

Erlanger, a public hospital authority in Tennessee, agreed to loan up to $20 million to a hospital authority in Georgia. The Georgia hospital authority planned to use the loan to fund a medical center which provides services in three Georgia counties: Walker, Dade, and Catoosa. To facilitate the loan, the Georgia hospital authority, Walker County, Dade County, and Catoosa County entered into an intergovernmental agreement (the Agreement). The Agreement provides Erlanger security for the loan; the Agreement states, "in the event of an uncured default by the [Georgia hospital a]uthority under the [loan], Walker agrees to pay to the [a]uthority or its assigns an amount equal to one-half (1/2) of the principal of and interest then due and payable on the [loan]."

A few years later, the Georgia hospital authority defaulted on the loan and assigned to Erlanger its right under the Agreement to receive payment from

---

[1] As a threshold matter, our court has jurisdiction to review Walker County's appeal, and the district court properly exercised subject-matter jurisdiction over this action. Shortly after Walker County filed its appeal, our court asked the parties to submit statements on whether we have appellate jurisdiction and on whether diversity jurisdiction exists. Based on the record and the parties' statements, we answer both questions in the affirmative.

Walker County. But Walker County refused to pay, prompting Erlanger to sue Walker County in district court for breach of the Agreement.

The district court, in a 63-page order, granted summary judgment to Erlanger on its breach-of-contract claim. It concluded that the Agreement is a valid contract under Georgia law and that Walker County is liable to Erlanger under the Agreement for $8,705,000 plus interest.

## II

Walker County, in challenging the district court's grant of summary judgment to Erlanger, raises two arguments. First, it asserts that, under the Intergovernmental Contracts Clause of the Georgia Constitution, the Agreement is void. Second, Walker County claims that it is entitled to sovereign immunity. Both arguments fail.

## A

Under the Georgia Constitution's Intergovernmental Contracts Clause, all parties to an intergovernmental agreement must be Georgia governmental entities. *See* Ga. Const. Art. IX, § III, Para. I(a); *State v. Blasingame*, 91 S.E.2d 341, 343–44 (Ga. 1956). According to Walker County, this requirement voids the Agreement because the Agreement affords contractual benefits to Erlanger, which is not a Georgia governmental entity. However, the Intergovernmental Contracts Clause prohibits only intergovernmental agreements that have a non-governmental

3

entity as a party; it does not prohibit agreements between governmental entities that confer benefits to third parties. *See Cottrell v. Atlanta Dev. Auth.*, 770 S.E.2d 616, 624–25 (Ga. 2015) (rejecting a claim that an intergovernmental agreement between two Georgia governmental entities was void because it "require[d one of the entities] to reimburse . . . a private company"). And Erlanger, as Walker County concedes, is not a party to the Agreement. Erlanger is merely a third party who, by way of an assignment clause in the Agreement, has a right to receive payments that Walker County promised to the Georgia hospital authority. The Agreement is valid under Georgia law.

B

In Georgia, "sovereign immunity is . . . waived as to any action . . . for the breach of any written contract," Ga. Const. Art. I, § II, Para. IX(c), and this is an action for the breach of a written contract (the Agreement). Even so, Walker County asserts that it is entitled to sovereign immunity. The sovereign-immunity waiver for written contracts, Walker County contends, does not apply here because Erlanger is not a party to the Agreement. We disagree. "[B]y entering into the [Agreement], [Walker County] waived the defense of sovereign immunity for any breach of the [Agreement] for which it could be held liable," including for breaches alleged by third parties. *See State Dep't of Corrs. v. Developers Sur. & Indemn. Co.*, 763 S.E.2d 868, 871 (Ga. 2014); *Youngblood v. Gwinnett Rockdale*

4

*Newton Cmty. Serv. Bd.*, 545 S.E.2d 875, 878 (Ga. 2001) ("To the extent [that written agreements exist] conferring a benefit upon [the plaintiff] as an intended beneficiary, the [governmental entity's] sovereign immunity is waived.").

## III

The district court did not err in granting summary judgment to Erlanger on its breach-of-contract claim. The Agreement is valid, and Walker County is not entitled to sovereign immunity.

**AFFIRMED.**